SMITH and others *vs.* TALLCOTT & RANSOM.

Where a contract for the sale of a lot of land, was drawn up in which a *husband* and *wife* and a *trustee of the wife*, were described as the *parties of the first part*, and the purchasers as the *parties of the second part*, which on the part of the parties of the first part was executed only by the *husband* and *wife*, but the *trustee* by an endorsement upon the back thereof, bound himself to do what should be necessary on his part to carry the contract into effect : *it was held*, that the two instruments being parts of the same contract, might be declared upon as constituting together but one instrument, and that a suit might be maintained in the *joint names* of the husband, the *wife* and the *trustee*, and that had the name of the trustee been *omitted* the declaration would have been fatally defective.

*It was further held*, inasmuch as it appeared that the *wife* had a *separate interest* in the subject matter of the contract, that she was properly made a party plaintiff.

DEMURRER to declaration. The plaintiffs *Gerrit Smith, James Cochran* and *Catharine V. R. Cochran*, declared against the defendants for that on the 21st March, 1836, at, &c., an instrument in writing, or agreement sealed with the *seals of the plaintiffs* and *of the defendants*, was entered into in the words and figures following, that is to say, " This agreement made this 21st March, 1836, between Gerrit Smith *as the trustee* of Mrs. Catharine V. R. Cochran, James Cochran, her *husband*, and *the said Catharine* of the first part, and R. Tallcott and J. W. Ransom of the second part.: Witnesseth, that the *said parties of the first part*, covenant with the parties of the second part, their heirs and assigns, that on the fulfilment of the covenant hereinafter mentioned on the part of the parties of the second part, to procure to the parties of the second part, their heirs and assigns and in their names a *patent* from the people of the state of New York, conveying lot No. 46 in block No. 64, in the village of East Oswego. But as a *condition precedent* to the obtaining or delivery of said patent, the said parties of the second part, covenant to pay therefor $13,000 as follows : $1292 59, on 15th April next at which time the parties of the first part are to deliver possession of the premises ; the parties of the second part are to pay to the people of the state, as a part of the purchase money, $707 41, being the

principal and interest due to the state on the said 15th April; and the balance $11,000 to be paid as follows : $5500 in five years, and the residue in ten years from the said 15th April, with interest from said 15th April, to be paid annually. The *payments to be made to Mrs. Cochran,* and her receipt to be the proper voucher during her lifetime; and after her death the payments to be made to any person she may have designated, or to her legal representative. (Signed) Catherine V. R. Cochran, [L. s.]  James Cochran, [L. s.]  Richard Tallcott, [L. s.]  J. W. Ransom, [L. s.] Then followed an instrument in these words, " I hereby approve of the within contract; obligating myself however to perform no ther act *than to assign* whenever the above Catharine V. R. Cochran shall request me to do so *the surveyor general's certificate* of the within premises, to the above Tallcott and Ransom, that the same may be patented to them by the state, (signed) Gerrit Smith, [L. s.]  The plaintiffs then averred that the said instruments so sealed and executed, *were and are parts and parcels of one and the same instrument, contract or agreement ;* that on the 15th April, 1836, the plaintiffs surrendered, and the defendants took possession of the premises; and on the 1st January, 1837, the defendants paid taxes assessed on the premises subsequent to 15th April, 1836; that on 1st December, 1837, the defendants paid into the public treasury $106 14, interest due to the state upon the premises, the subject of the contract; that on 15th April, 1836, the defendants paid to Mrs. Cochran $1350, the sum then due upon the contract, and accepted her receipt as a voucher for such payment, and on 22d April, 1837, made a further payment of $535, to her, in part payment of the interest due on the contract. The plaintiffs then aver general performance on their part, and allege as *breaches* on the part of the defendants, the non-payment of $235, *part* of the interest due on the 15th April, 1837, and the non-payment of $770 due as interest on the 15th April, 1838, and so they say the defendants have not kept their covenant, &c. The declaration contained a second count, declaring on the same instrument as a *deed poll,* setting forth the covenants on the part of the defendants, and alleg-

ing as a breach the non-payment of the interest moneys due in 1837 and 1838.

The defendant Tallcott appeared alone and demurred to the *first count* of the declaration, assigning as *special causes of demurrer*, the following : 1st. The agreement signed by Mr. & Mrs. Cochran, has never been executed by Gerrit Smith. 2d. Gerrit Smith is not a party to the agreement signed by the defendants, and cannot maintain a suit upon it. 3d. The defendants' *covenant to pay* is founded upon Smith's *covenant to convey*, and as he has not executed the agreement, the consideration of the defendants' covenant has failed. 4th. The two instruments set forth in the first count *are not one contract ;* they provide for acts essentially different. 5th. There is a *variance* between the agreement as set forth in the count, and as contained in the instruments. 6th. Though Gerrit Smith is described in the first instrument as the *trustee of Mrs. Cochran,* he has not executed it, nor has he executed the second instrument in that capacity, nor is he bound to the defendants in that or any other capacity. 7th. There is no covenant on the part of the defendants *to pay to Gerrit Smith.* 8th. Mrs. Cochran could not properly be joined as party plaintiff. And 9th. The first count contains many unnecessary and impertinent averments. As to the *second count,* the defendant craved *oyer,* set forth the instruments declared upon in the first count, and *demurred* to the second count, assigning substantially the same special causes of demurrer as those assigned to the first count.

*L. H. Sandford & S. Stevens,* for the defendants.

*C. P. Kirkland,* for the plaintiffs.

*By the Court,* NELSON, Ch. J. There can be no doubt but that *Smith* is properly made a co-plaintiff, and, according to the first case of *Petrie* v. *Bury,* 3 Barn. & Cres. 353, the omission of his name would have been fatal. The intimation in *Vernon* v. *Jefferys,* 2 Strange, 1146, that the omission to seal might be cured by averment, seems to have been disregarded in the above case ; but it is conceded in

Strange, that a party named in the covenant might join in the action, though he did not seal. 1 Saund. Pl. & Ev. 390. 1 Selw. 351. 6 Wendell, 629.

The two instruments, I think, must be regarded as one in legal effect : standing upon the same footing as if the one signed by Smith had been incorporated in the body of the principal agreement. It is but a qualification of his liability as therein set forth, and intended as such. Had it been embraced in the body of the instrument, there could have been no doubt in the case ; for though his liability is distinct and separate from that of Cochran and wife, still there would be but one instrument, and that executed by all the parties.

There can be no doubt the wife is properly joined ; the covenant is made to her with others, and it is apparent she has a distinct interest. 1 Chitty's Pl. 20. 10 Johns. R. 49. From the above view of this case, it follows that both counts are good.

Judgment for plaintiffs, with leave to defendant to amend on usual terms.