## Smith and others *vs.* Kerr and others.

In an action upon a sealed instrument in a justice's court, it is not necessary to show in the declaration that the instrument was sealed by the parties. It is enough to declare generally for breach of contract, referring to the contract in such terms as to identify it, or setting it forth according to its legal effect without stating it to be under seal. *Per* Jewett, C. J.

A declaration in writing in a justice's court without naming the form of action, set forth that the defendants leased certain premises of the plaintiffs, and went on to state a cause of action for a breach of one of the engagements in the lease. Annexed to the declaration was a paper purporting to be a copy of the lease, together with a notice addressed to the defendants stating that it was a copy of the lease referred to. The instrument purported to be signed by the parties, but there were no marks indicating that the original had been sealed, nor was it averred in the declaration that it was sealed. *Held*, nevertheless, that the plaintiffs might upon the trial give in evidence and recover upon the lease, although it was a sealed instrument.

A party may sue upon a covenant running to himself although he did not sign and seal the instrument.

A sealed contract relating to partnership business executed by one of several partners for the firm, without authority under seal, is binding on all the partners if they assent thereto, and such assent may be given at the time or subsequently.

Isaac Potter, Abner Potter, and Elihu S. Smith, sued John Kerr and Charles S. Kimble in a justice's court in the county of Erie. The declaration was in writing, and set forth that on, &c. the defendants leased of the plaintiffs a certain potashery with three potash kettles in the arches, worth thirty-five dollars each, and other articles used in that business; and that the defendants agreed with the plaintiffs, among other things, to return the articles at the expiration of the lease in as good condition as when they received the same, except the usual wear with fair usage; and if said kettles should be broken or injured so as to render them unfit for use, the defendants agreed to pay for them. One of the breaches complained of was the breaking and loss of one of the kettles, which the defendants had not paid for, to the plaintiffs' damage, &c. The *form of the action* was not mentioned in the declaration. At the foot of the declara-

Smith *v.* Kerr.

tion was a notice addressed to the defendants stating that thereto annexed was a *copy* of the lease referred to. · Then followed a paper purporting to be a copy of a lease executed between the parties which contained substantially the provisions set forth in the declaration. The concluding words were, "signed, *sealed,* and delivered," &c. The instrument purported to be signed by the parties respectively, plaintiffs and defendants, but there were no marks indicating that the original had been *sealed.* The defendants pleaded the general issue.

On the trial before the justice, the plaintiffs recovered judgment. The defendants appealed to the common pleas of Erie county, where the cause was again tried and the plaintiffs had a verdict and judgment thereon. The defendants brought error into the supreme court, where the judgment of the common pleas was reversed and a new trial awarded. The plaintiffs then brought error to this court. The questions which arose on the trial are stated in the opinions delivered by the judges.

*A. S. Sawin,* for plaintiffs in error. I. One partner can consent to the execution of any paper under seal of the kind given in evidence, in his name, by a co-partner, and whether ·such consent in this case was given or not was fairly submitted to the jury. (1 *Hall's R.* 262; 3 *Kent's Com.* 5th ed. 47, 48; 19 *John.* 513; 9 *id.* 285; 4 *T. R.* 313; 4 *Met.* 548; 5 *Hill,* 113; 22 *Wend.* 324; 4 *Com. Dig.* 158; *Tait, a.* 2; 10 *Wend.* 87; 21 *id.* 202; 10 *Com. Law R.* 109.)

II. The defendants having contracted with the plaintiffs *by name,* whether the plaintiffs executed the contract or not, the defendants were bound by it, and therefore it was unnecessary to prove its execution by the plaintiffs.

III. The objection taken on the trial to the reading of the lease in evidence, was not sufficiently specific to authorize the defendants to raise the point of variance. If the objection was properly taken, still, it is insisted that under the liberal rules which prevail in justice's courts, it was properly disregarded by the justice and the common pleas. (15 *Wend.* 669; 13 *id.* 66, 403; 2 *Hill,* 504; 1 *id.* 61, 69; 5 *Wend.* 275; 5 *John.* 122;

1 *Denio,* 432; 4 *id.* 419; 9 *Cowen,* 274; 4 *Denio,* 498; 1 *Comst.* 223; 7 *Hill,* 503.)

*H. S. Love,* for defendants in error. I. The declaration is in assumpsit and not covenant or debt, and the lease being under seal could not be given in evidence under the declaration. The declaration does not aver that the instrument was sealed, or that it was a covenant; neither are any words of art, such as "indenture," "deed," or "writing obligatory," which of themselves import a seal, used in the declaration; nor does the copy of the lease attached to the declaration appear on its face to be under seal. ( *West* v. *Cartledge,* 5 *Hill,* 488; *Andrews* v. *Montgomery,* 19 *John.* 162; 1 *Chit. Pl.* 99, *&c.; Saund. Pl. & Ev.* 109, *et seq.; id.* 889, 890, *marg. p.*)

II. The case is not altered by the fact that at the conclusion of the lease are the words, "Witness, our hands and seals." Saying an instrument is sealed does not make it a specialty, if it wants the requisite formalities, and is not in fact sealed. ( *Van Santwood* v. *Sanford,* 12 *John.* 197, *and cases there cited; Macomb and Bouck* v. *Thompson,* 14 *id.* 207; *Cabell* v. *Vaugn,* 1 *Saund.* 291, *note* 1; *Pordage* v. *Cole, id.* 320, *note* 3; 5 *John.* 245.)

III. The plaintiffs are not helped by the rule that pleadings in a justice's court are to be liberally construed. The declaration is good upon its face as a declaration in assumpsit; and had the defendants demurred, they must have been beaten on the demurrer. The plaintiffs have entirely misconceived their action. ( *Howe* v. *Wilson,* 1 *Denio,* 181.)

IV. The judge erred in his charge to the jury. (1.) In charging that the *onus* lay with the defendants to show that the kettles were used in the ordinary way, and were not broken through the negligence or improper usage of the defendants. (2.) In charging that although the lease was not executed by all of the defendants, yet if they assented to its execution, it was equally binding as if executed by all the defendants. (3.) And in refusing to charge as requested by defendants' counsel. ( *Story on Agency,* 51, 52, §§ 48, 9, *n.* 1; *id.* 252; *id.* 287, § 242; *Sto-*

Smith *v.* Kerr.

*ry on Part.* § 117 ; *Wells et al.* v. *Evans et al.* 20 *Wend.* 251 ; *Blood* v. *Goodrich et al.* 9 *id.* 68.)     (4.) There was no suffi‑ cient evidence of a ratification on the part of the defendant Kim‑ ble, or direct ratification on the part of the plaintiff, Abner Potter.

JEWETT, C. J. It was objected on the trial that the lease, which was under the seals of the parties, could not be given in evidence under the declaration which, as insisted by the defend‑ ant's counsel, was in assumpsit. This objection was overruled by the common pleas ; and I am of opinion that the declaration was sufficient in a justice's court, to allow the plaintiffs to give in evidence under it the written agreement. The objec‑ tion to it was, that the declaration was in assumpsit, and the agreement being under the seals of the parties was not, there‑ fore, admissible in evidence as the foundation of an action of assumpsit upon a simple contract. The justice, in his return, states that " the plaintiffs declared in assumpsit in writing which is hereto annexed." That is, the plaintiffs declared in writing, which the justice annexed to his return ; which shows, that although the justice called it a declaration in assumpsit, it may be as well called a declaration in covenant as in assumpsit. There was a notice annexed to the declaration that the paper annexed was a copy of the lease referred to in the declaration. The agreement produced on the trial purported to have been signed and sealed by the parties respectively ; the copy annexed omitted the sign of the seals. The notice was no part of the declaration, nor the copy of the lease technically an oyer of it ; and therefore an objection to the admission of the lease or agree‑ ment in evidence, for a variance between it and the copy given, on the ground that the sign of the seals had been omitted, can not be sustained. It is not necessary in a justice's court, in an action upon a sealed instrument, that the declaration should contain an averment that the instrument was signed and sealed by the parties or either of them. It is enough to declare gen‑ erally for a breach of contract, referring to the contract or agree‑

ment in such terms as to identify it, for the breach of which damages are sought to be recovered; or to set out the contract according to its legal effect, without averring that it was sealed by the parties. The latter was done in this declaration with more than ordinary precision. To sustain the action, it was competent to give in evidence, on the trial, an agreement between the parties, whether sealed or not, made at the time, and containing the stipulations alledged in the declaration.

The defendants' counsel objected to the giving of the agreement or lease in evidence, also on the ground that it had not been proved that Abner Potter, one of the plaintiffs, and Charles S. Kimble, one of the defendants, executed the agreement in person or by attorney duly authorized. The objection was overruled. Before it was made, the subscribing witness had testified that the signatures of two of the plaintiffs, Smith and Isaac Potter, to the agreement, were in their hand-writing; that he saw Isaac Potter sign the name of Abner Potter, and that they were partners; that Kimble was about the store at the time the agreement was executed; that he had seen him write, and that in his opinion, the signature of Kimble to the agreement was in his proper hand-writing. Other witnesses had testified that the signature of Kimble was in the hand-writing of Kerr. The objection was properly overruled, for if it was material whether the name of Kimble to the agreement had been put there by himself or by Kerr, there was evidence enough to authorize the fact to be submitted to the jury.

The defendants covenanted with the three plaintiffs, and if it was admitted that one of them, Abner Potter, did not sign or seal the instrument, the law would not convert it into a covenant with the other two. All the covenantees must sue, although they did not all sign and seal the agreement. (*Petrie* v. *Bury,* 3 *Barn. & Cress.* 353.) The omission of the name of Abner Potter as a co-plaintiff would have been fatal. (*Smith* v. *Tallcot and Ransom,* 21 *Wend.* 202.)

The judge charged the jury that although the lease or agreement was not executed by all the parties, yet if they, being in

partnership, assented to the execution of it after it was executed, it was equally binding as if executed by them individually. There was an exception to this charge. On the trial, it was admitted that the defendants at the date of the lease were in partnership; and it was proved, that at the time the lease was executed, Kimble was about the store where it was executed; that Kerr and Kimble occupied the ashery and premises as partners during the term covered by it. After the execution of the lease, Kimble employed one of the witnesses to repair one of the kettles, and said that he and Kerr had hired the ashery of the plaintiffs for one year, and the defendants employed one Valentine to run the ashery for them, and he did so until the kettle gave out. It was proved, among other things, that Kimble in speaking in relation to the breaking of the kettle, said that Valentine broke it; that he did not know how he broke it, but thought it was through carelessness. On being asked whose loss it would be, said that he did not know, but he expected from the writing they would have to pay for it.

The ground of the exception is, that no prior authority from Kimble to Kerr to execute the lease in his name, or subsequent ratification by Kimble, either verbal or by writing without seal, is sufficient to give validity to the lease as the sealed contract of Kimble. Whatever may have been the technical doctrine of the common law, as to the authority of an agent to execute a sealed instrument in the name of his principal, so as thereby to bind him, as the party thereto, unless the authority is conferred by an instrument under seal; it has been decided in England that one partner, in the presence of his copartners, by parol authority, may execute a deed for them in a transaction in which they were all interested. It amounts in judgment of law to an execution of the deed by all the partners, though sealed by one of them only. (*Ball* v. *Dunsterville,* 4 *T. R.* 313; *Williams* v. *Walsby,* 4 *Esp. N. P.* 220; *Steiglits* v. *Egginton,* 1 *Holt's N. P.* 141; *Brutton* v. *Burton,* 1 *Chit. R.* 707; 3 *Kent's Com. 5th ed.* 47.)

There was evidence enough in this case to have authorized

the jury to find that the lease was executed by Kerr for Kimble in his presence, and which he was authorized by parol by Kimble to do. But that ground was not taken at the trial. The point made is whether one of two partners may be bound by a sealed contract, executed in the names of both, by the other, in his absence, in reference to a transaction in which both were interested as partners, if there is a subsequent parol adoption of the act by the absent partner; and I think it well settled that an absent partner may be bound by a deed executed on behalf of the firm by his copartner, provided there be either a previous parol authority or a subsequent parol adoption of the act. (*Skinner* v. *Dayton,* 19 *John.* 512 ; *Anderson* v. *Tompkins,* 1 *Brock. C. Rep.* 462; *Story on Part. p.* 176 *to* 181 ; *Cady* v. *Shepherd,* 11 *Pick.* 405; *Gram* v. *Seton,* 1 *Hall,* 262 ; 3 *Kent's Com.* 47.) The more rigid rule of the common law, which held that one partner, from that mere relation, could not bind the others by a deed or instrument under seal, either for a debt or any other obligation, even when contracted in the course of their commercial dealings and business, and within the scope thereof, unless the authority was expressly given under the seals of the other partners, and include the very act done under seal, has been greatly relaxed by modern decisions ; and although they profess to retain the rule itself, they qualify it very much, in order to make it suit the exigencies of commercial associations. (3 *Kent's Com. 5th ed.* 47, 48.) I think that under the circumstances of this case, it was competent for Kimble to adopt the act of Kerr without seal, and thereby give validity to the contract as his deed. The exception, therefore, can not be sustained.

The defendants' contract was not to make good the ordinary deterioration of the kettles, resulting from fair and proper usage—unless the kettles broke or became so injured as should render them unfit for the place and use where they were then used. If damages had been claimed for an injury to the kettles, or either of them, less than a breaking, or less than that, which rendered them unfit for the place and use where they were at the time of the contract; the burthen of proof of such

injury, and that it resulted from improper usage, would have ,lain with the plaintiffs. In this case they showed that one of the kettles was broken during the term. That, within the express terms of the contract, subjected the defendants to pay the plaintiffs the sum stipulated as its value, without regard to the fact whether it was the result of negligence on their part or not. The judgment of the supreme court must be reversed, and that of the common pleas affirmed.

HOYT, J. dissenting. In form the declaration was clearly in assumpsit. There being no averment in the declaration that the lease was under seal, and the copy given not purporting upon its face to have been sealed, any person looking at the copy given would suppose that when the lease was written it was designed that it should be sealed, but that in point of fact the parties had, for some reason, omitted to seal it. This was clearly a good declaration in assumpsit, and if the lease produced in evidence had been without seals, the declaration would have been a proper and appropriate one, under which to give it in evidence. (4 *Denio*, 420.) In that case it is conceded that the justice erred in permitting evidence of a contract under seal to be given in evidence under a declaration in assumpsit. Judge Jewett says, "upon general principles I think it is obvious the justice erred. A specialty can not be given in evidence as the foundation of an action of assumpsit upon a simple contract. The variance changes the nature of the contract, so as to render the one set out a different contract, in legal contemplation, from that received in evidence." (*Cowen & Hill's Notes*, 518, *note* 407.) I think this is clearly so upon well settled principles of pleading. In *Andrews* v. *Montgomery*, (19 *John.* 165,) the court say, "It is well settled that assumpsit can not be supported where there has been an express contract under seal." Chitty says, "When a party has a security of a higher nature he must found his action thereon, and as the law has prescribed different forms of action on different securities, assumpsit can not in general be supported where there has been an express contract un-

der seal." (1 *Chit. Pl.* 94.) And most clearly assumpsit can not be maintained upon a sealed contract. Here the action is brought upon the contract itself to recover damages for its non-performance.

In the case of *Van Santwood* v. *Sanford,* (12 *John.* 197,) the declaration contained four counts. The fourth alledged that certain differences having existed between the plaintiffs and one Isaac Newton, they on the 22d of March, 1814, entered into articles of agreement in the words following, (setting forth the agreement to submit,) and hereupon the said defendant, on the 24th day of March, in the year aforesaid, entered into a guaranty covenant and agreement in the words and figures following, to wit, (setting forth the agreement of the defendant verbatim,) and which concluded in the following words : " Signed and sealed the 24th day of March, 1814. Stephen Sanford, L. S." and by which the defendant guarantied the performance of the award of the arbitrators on the part of Newton to the amount of $800. The award of the arbitrators was then stated, by which Newton was to pay $680,32 in two days, and notice of the award to Newton and to defendant, and that neither of them had paid the money, and that the defendant had not kept his covenant and guaranty so by him made, &c. To this count there was a demurrer.

The court say the demurrer to the fourth count is well taken ; the action is covenant and it can not be maintained but on a deed. The only averment or allegation of a deed is " and hereupon the defendant on the 24th March," &c. (reciting the averment in the declaration.) It must appear that the contract was under seal unless it be expressly averred to be so, and though the bond or deed upon oyer recite " in witness whereof we have hereunto set our hands and seals," yet that does not amount to such an averment but that the party must show that the bond or deed was *actually sealed* by the other. The court further say " there are some words of art, such as ' indenture, deed, or writing obligatory,' which of themselves import that the instrument was sealed ; but if it be alledged that J. S. by his certain

writing demised or covenanted without averring that it was sealed, the court will not intend that it was sealed." (*Cro. Eliz.* 571; *Ld. Ray.* 2537; 8 *Com. Dig. Fait,* (*A,* 2,) *Pleader;* 2 *Wend.* 9, 14.) They also say that in the case of *Warren* v. *Lunt,* (5 *John.* 244,) " this court decided that a scrawl for a seal with an (L.S) was not a seal and deserved no notice, and that calling a paper a deed will not make it one if it want the requisite formalities. The oyer of the contract, therefore, set out in the count under consideration, can have no effect, for we can not tell that the original differs from it or possesses any of the properties of a seal." So in this case, on looking at the declaration and the copy of contract or oyer annexed, the court could not say that the contract therein referred to was under seal, as it was not so averred.

But it is said that the declaration is good and sufficient in a justice's court, where pleadings are to be liberally construed. If the original contract had been annexed to the declaration I have no doubt it would have been a sufficient declaration in covenant if not demurred to, because it would then have affirmatively appeared that the contract was under seal. In this case, if the defendant had demurred to the declaration and alledged as cause of demurrer that it was not alledged that the contract declared on was under seal, it would have been a sufficient answer that the declaration on its face did not appear to be in covenant, but was in fact assumpsit, and that a sufficient consideration was set forth for the making of the contract. The defendant could not have sustained a demurrer. They therefore had no alternative but to plead. But to say that a declaration which is good in assumpsit, so that a demurrer will not lie thereto, will also answer as a declaration in covenant, is an anomaly in pleading which I do not understand.

There is no doubt the justice might disregard any technical variance between the contract offered in evidence and the one set out in the declaration, which was not calculated to mislead the defendants, and which was of the same nature of that set forth in the declaration. But this is not a case of variance

within that principle. It was seeking to prove a cause of ac-
tion of an entire different nature from the one declared upon.
It was a contract which required an entire different form of a
declaration, and which would require an entire different plea
from the one set forth. If the declaration is to be regarded as
one in assumpsit, then the general issue not only puts in issue
the making of the contract, but the breaches assigned, and the
defendant would under it be permitted to give in evidence al-
most any defence he might have to the action. But if it can be
treated as a declaration in covenant, and the plaintiff be per-
mitted to give in evidence a sealed contract, then the defend-
ant's plea properly puts in issue only the execution of the con-
tract, and when that is proved the breaches assigned would be
admitted, because they were not specially denied.

I am aware that in the case of *Mosher* v. *Lawrence,* (4 *De-
nio,* 421,) a case similar to the one in question, Judge Jewett
says, "I am of opinion that the defect in the declaration was
such as the justice's court had ample power to amend before
verdict ; and that on the trial it might well disregard the vari-
ance." That case was not reported, and was not brought to the
notice of the supreme court upon the argument of the cause
now under consideration. If it had been, it is probable that
court would have felt bound by it, as an authority for its action,
subject to a review in this court. But the two cases have
been decided upon principles which I think evidently conflict,
and it remains for this court to determine which is in accord-
ance with the then well settled and known rules of pleading
and evidence. I believe no other case can be found than the
one cited, where a variance which changed the entire nature of
the action was held to be such that it might be disregarded
upon the trial.

It is true that the judges of the court of common pleas, when
reviewing justices' judgments on certiorari, are required to give
judgment in the case as the right of the matter may appear,
without regarding *technical omissions, imperfections,* or de-
fects in the proceedings before the justice which did not affect

the merits. (2 *R. S.* 257, § 181.) This provision was cited by the court in *Mosher* v. *Lawrence*. But the same general rules of pleading are applicable to justices' courts as are applicable to courts of record. The same and no different causes of action may be joined before a justice. But the same nicety in matters of form are not required, unless objected to at the joining of issue.

The form of action is determined by the matter set forth in the declaration, and not by the name which the plaintiff may give it. (5 *Hill,* 177 ; 1 *Comst.* 226.) The matter here set forth clearly made a good cause of action in assumpsit, but no pretence of a cause of action in covenant.

In the case of *Mosher* v. *Lawrence,* some stress was laid by the court upon the fact that the defendant had not been misled, or prejudiced, because the plaintiff offered to amend and to consent that the cause be adjourned, so as not to prejudice the defendant. No such offer was made in this case ; nor was there any amendment made in fact.

The rule that pleadings in justices' courts shall be liberally construed, has nothing to do with this case. The declaration is good both in form and substance, as a declaration in assumpsit. But the declaration is not supported by the proof. The case of *Howe* v. *Wilson,* (1 *Denio,* 183,) is directly in point upon this question. That was an action before a justice ; the declaration alledged that the defendant, with force and arms, broke and entered the plaintiff's close situated, &c. and then and there took and carried away the plaintiff's horse, &c. Plea, not guilty. The proof was that the defendant entered the close of another man near the plaintiff's and took and carried away the plaintiff's horse. Bronson, J. in delivering the opinion of the court says, " The plaintiff relies on the principle that pleadings in justices' courts are to be liberally construed, but the rule has nothing to do with this case. There is no defect in the declaration either in form or substance. The difficulty is that the declaration is not supported by proof, and for that reason the plaintiff was properly nonsuited." So in the case now under consideration, the declaration was a good and perfect one

# 156    CASES IN THE COURT OF APPEALS.

in assumpsit, but the plaintiff gave no evidence to support an assumpsit, but was permitted to give in evidence a contract un-der seal. In permitting this evidence I think the justice clearly erred, and that the judgment of the supreme court reversing the judgment of the court of common pleas and of the justice, should be affirmed.

And thereupon the judgment of the supreme court was reversed, and that of the common pleas affirmed.