HAYNES, HUTT & CO. v. SEACHREST *et al.*

1. UNACKNOWLEDGED DEED. A deed defectively acknowledged is valid as between the parties and all persons having knowledge of its existence.

2. MISTAKE. A court of equity will correct a mistake in a deed as against a subsequent purchaser who acquires his interest with knowledge of the existence of the deed and of the mistake therein.

3. RATIFICATION: VERBAL AND IN WRITING. A deed conveying the property of a firm, executed by one member for himself and for his co-partner, is sufficient and valid as a deed of the firm, if ratified either expressly or by implication, verbally or in writing; but such ratification will not affect the rights of subsequent purchasers or incumbrances which have already accrued.

4. SAME. A recognition which will have the effect to make a deed valid, which but for such ratification would be ineffectual to pass the title, as against the party or subsequent incumbrances, should be clear and express, or be implied from circumstances equally clear and undisputed.

5. MORTGAGE: PRIORITY. A deed of trust conveying certain real estate belonging to S. & M., was executed by M. for both himself and S. without any authority to make such a conveyance for S. Afterwards S. &. M., with their wives, united in the execution of a mortgage to another party to secure the payment of two notes. On one of these, which had been assigned by the mortgagee, an action was commenced by the assignee, in which sufficient personal property to satisfy the same was attached, but was discharged upon the execution of a delivery bond. In a proceeding to foreclose the last named mortgage, to which the assignee was not a party, it was held:

    1. That it was error to decree a sale of the mortgaged premises for the satisfaction of the note which had been assigned.

    2. That the deed of trust executed by M. was entitled to priority upon his interest in the property therein described.

    3. That the lien of the mortgage was entitled to priority as to the interest of the other mortgagors, and that the mortgagees were entitled to a foreclosure for the amount which remained due them.

*Appeal from Warren District Court.*

MONDAY, JUNE 23.

ON the 11th day of November, 1857, a deed of trust, purporting to be signed by E. G. Seachrest and C. M. Meek,

was made to Lewis Todhunter, to secure certain debts owing to Stadler Bro. & Co. and Laner Bro's. This deed was upon the. following described lands : "The. undivided two-thirds of the East half of the N. E. ¼ of section 31, and the S. E. ¼ of the S. E. ¼, and the S. W. ¼ of S. E. ¼ of section 30, except the plat of East Palmyra, and twelve rods off the West side of said quarter, and the N. E. ¼ of the N. E. ¼ of sect. 25, and the S. E. ¼ of the N. W. ¼ of the N. E. ¼ and South half of N. E. ¼ of N. W. ¼ of N. E. ¼ of sect. 25, all in Township No. 77, Range 22."

This deed was signed by Meek, as is claimed, for himself and Seachrest, the said Seachrest being at the time absent from home, was acknowledged in the same manner before the trustee therein named, and filed for record on the next day.

On the 20th April, 1859, the said Seachrest and Meek, with their wives, in conjunction with Davis Meek and wife, (who owned the other undivided third,) made a mortgage to the complainants, upon lands similar in description, except that the parcels in sect. 25 were located in Town. 77, R. 23.

Complainants brought this action to foreclose their mortgage, making the mortgagors, the beneficiaries and trustee named in the prior deed parties, and asking that their mortgage shall have priority. The cause was heard upon the pleadings and testimony, and a decree entered in accordance with the prayer of complainants' bill, and respondents appeal.

*C. C. Cole* and *Lewis Todhunter* for the appellant.

I. The deed on its face being properly signed and acknowledged and recorded, was notice to subsequent incumbrancers, although it would afterwards be made to appear that it was defectively signed and acknowledged. *Hopping* v. *Burnam*, 2 G. Greene, 39 ; *Miller* v. *Chitten-*

Haynes, Hutt & Co. v. Seachrest.

*den et al.*, 2 Iowa, 315; *Blain* v. *Stewart*, Id., 378; *Bell & Co.* v. *Thomas*, Id., 384; *Calvin* v. *Bowman and Neal*, 10 Id., 529.

II. Brown & Co. were necessary parties to this suit, and when there is a defect of parties, objections may be taken thereto at the hearing, and even on appeal. *Johnson* v. *Rankin*, 2 Bibb, 184; *Cox's Heirs* v. *Strode*, Id., 275; *Barry et al.* v. *Rogers et al.*, Id., 314; *Crittenden's Administrator* v. *Craig*, Id., 474; *Parberry's Heirs* v. *Goram*, 3 Id., 107; *Bainbridge* v. *Owen*, 2 J. J. Marsh, 464; *Roberts' Heirs* v. *Elliott's Heirs*, 3 Monr., 395; *Dougherty and Wife* v. *Morgan's Executors*, 6 Id., 152; *Cooper* v. *Gunn*, 4 B. Monr., 594; *Graham & Butler* v. *Chatoque Bank*, 5 B. Monr., 49.

*S. V. White*, for the appellee, submitted an elaborate argument upon the evidence, in which he cited the following authorities: Code of 1851, §§ 2410, 1227; Story on Partnership, § 121–2; *Price & Co.* v. *Alexander & Co.*, 4 G. Greene, 427; *Lyon* v. *Bunn*, 6 Iowa, 48; *Crawford* v. *Burton*, 6 Iowa, 476.

WRIGHT, J. — Whether the deed of trust was so defectively acknowledged as that the recording of the same would not impart constructive notice of its contents to the subsequent mortgagees, we need not determine, as an examination of the testimony satisfies us that complainants had actual notice of said trust deed. And in arriving at this conclusion, we have not considered the testimony of Todhunter, who took the acknowledgment. He is a party to the record, and his testimony was properly excluded by the court below. Aside from this testimony, however, we are satisfied that complainants knew, at the time they took their mortgage, of the existence of the prior deed, and that their lien was subject to that of respondents. And this knowledge carried with it the further fact that there was a mistake in the first conveyance. That there was a mistake, is indis-

VOL. XIII.    58

putable. And that complainants believed and understood that the land described in the deed was the same as that covered by their mortgage, is very clearly shown. The mistake evidently occurred without any fault of any person, the scrivener inadvertently writing the figures 22 instead of 23, as applied to the land in section 25. It was not until long after both instruments were made that the mistake was discovered. Indeed, it is questionable from the pleadings, whether it was fully known to complainants at the time of the institution of this suit.

The mortgagees having actual notice, therefore, of the deed and of the mistake, the sufficiency of the acknowledgment is not material. The deed was good as between the parties, and all persons having actual knowledge of its existence, without any acknowledgment. *Miller* v. *Chittenden et al.*, 2 Iowa, 315; *Blain* v. *Stewart*, Id., 378; *Bell & Co.* v. *Thomas*, Id., 384; *Dussaume* v. *Barnett*, 5 Id., 95.

We are then next to inquire as to the amount of interest acquired by respondents by the trust deed. It will be remembered that Seachrest did not sign, nor acknowledge the deed. He was absent at the time, and there is no testimony whatever that he gave authority in writing or otherwise to his co-partner to make the conveyance. It is claimed, however, that upon his return he ratified the act, and that this was effectual to pass his title. The ratification, if any, was verbal, and not in writing.

The doctrine of the English courts is, that a sealed instrument, when made by one partner for the others, can only be made valid by a prior authority or subsequent ratification, evidenced by writing, under seal. This rule, however, is not followed in this country, it being well settled by the current of decisions, that a prior authority or subsequent ratification, express or implied, verbal or written, is sufficient to make the deed binding upon the firm. (Story on Part., § 122, and note 2.)

Was there a ratification, then, of this act of Meek, in signing the name of Seachrest to the deed? The want of original authority, is clear. The interest of Seachrest did not pass, therefore, by the deed, unless there was a ratification. Upon this point the burden of proof is upon respondents. Not only so, but the ratification should have taken place before the making of the mortgage. Does the proof establish this fact? We are constrained to hold that it does not. Two witnesses speak of conversations had with Seachrest on the subject. But the time of these conversations is left entirely indefinite. Not only so, but his admissions, that he recognized the act, are stated in a loose manner, nor is there any proof as to when he first knew, and attempted to ratify, the deed. A recognition which shall have the effect of making valid a deed, which, but for such ratification would be ineffectual to pass the title, as against the party or subsequent incumbrancers, should be clear and express, or be implied from circumstances equally clear and undisputed. The party having the affirmative must fail, unless he brings his proof up to this standard.

Another point in this case is made upon the following facts: The mortgage to complainants was to secure two notes. One of these was assigned to Brown & Co. They commenced an action at law on this note, and attached personal property sufficient to satisfy the same. The property was released by giving a delivery bond, and a judgment was recovered on the note. Brown & Co. were not made parties to this proceeding. The decree in this case finds in favor of complainants for the whole amount of both notes, and directs the mortgaged premises to be sold to satisfy the same. The mortgagees insist that this was error, and that there should have been no recovery beyond the amount due on the note still held by complainants. And this position we think is correct.

Complainants were not the owners of this note. Brown & Co. were not parties, nor did they ask a foreclosure. The liability of complainants as indorsers, would not give them the right to foreclose the mortgage for that amount. They were not in a position that they could elect which to prosecute, the action at law on the note, or the foreclosure proceedings, for the suit on the note was not under their control. Not only so, but until the property attached was exhausted, Brown & Co. even could not, as against another incumbrancer, resort to the mortgage. If they could not, then it is very manifest that the indorsers, who were only contingently liable, would have no greater right.

Our conclusion, then, is, that complainants were entitled to a foreclosure for the note still held by them. That the deed of trust held by the creditors, Stadler, Bros. & Co. and Lauer Bros., is entitled to priority of lien upon the interest of C. M. Meek in all the lands, and that the prayer of the cross-bill, (or the answer which is made such,) to correct the mistake to this extent, should be granted, and that the mortgage of complainants, to the amount of the debt still due them, should have priority, as to the interest of all the other mortgagors beside the said C. M. Meek.

The decree will be thus modified, in this court, or remanded for that purpose, as complainants may prefer, at their costs.