CHARLES R. JEFFREYS ET AL., APPELLANTS, vs. W. W. COLEMAN, APPELLEE.

1. When a suit is commenced by summons and an ancillary attachment is issued upon which property is seized, an order of the court dissolving the attachment is a final judgment from which an appeal lies, such judgment being a final determination of the ancillary proceedings.

2. A bond given on suing out a writ of attachment by a copartnership firm, signed and sealed by one of them in the copartnership name, the signing having been authorized by the other by parol or ratified by parol, is a sufficient bond of both partners.

Appeal from the Circuit Court for Duval county.

February 7th, 1883, C. R. Jeffreys and T. E. Stribling, partners, commenced suit by summons which was served on the 8th. On the 7th Stribling made an affidavit for procuring an attachment against Coleman's property, and filed a bond signed in the firm name of " Jeffreys & Stribling," and by sureties. A writ of attachment was issued and levied on defendant's property. On the 8th February defendant moved to dissolve the attachment on the ground that the bond was signed in the copartnership name of plaintiffs, and not in their individual names. On the hearing of this motion plaintiff produced the affidavit of Jeffreys, one of the plaintiffs, stating that he had authorized Stribling to sign the firm name to the bond, and that he ratified and confirmed the same. On the 10th May the Judge refused to consider the affidavit of Jeffreys, and made an order dismissing the attachment, whereupon the plaintiffs entered an appeal from this judgment, and the Judge thereupon made an order superseding the judgment of dismissal, upon filing appeal bond, which bond was then executed and approved.

On the next day, May 11, final judgment was duly entered in favor of plaintiffs upon the cause of action stated in the declaration. Afterwards, on the first day of June, plaintiffs obtained a writ of error to the Circuit Court to bring the whole record before this court for review.

The errors alleged are, first, in excluding the affidavit of Jeffreys, and, second, in dissolving the attachment.

There is no allegation of error in the final judgment upon the cause of action.

*John T. & George U. Walker* for Appellants.

*T. A. McDonell* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

There is no error alleged in the entry of the final judgment for damages and costs, and the plaintiffs evidently desire that it should stand.

We have here an appeal from an order dissolving the attachment, treating it as a final judgment upon the attachment proceedings. Is it a final judgment from which an appeal will lie?

The statute says if either party shall feel aggrieved by a final judgment, sentence or decree, he may appeal. This suit was commenced by summons, and the writ of attachment was obtained as an ancillary proceeding for the purpose of securing a lien upon the defendant's property, to satisfy the judgment when obtained. The dissolution of the attachment put an end to that proceeding, but did not affect the progress of the suit upon the cause of action. Nothing further could be done under the attachment proceedings. The judgment dissolving the attachment having extinguished the plaintiffs' lien, the defendant was entitled to the return of the property seized. It was not merely interlocutory; nothing remained to be done to extinguish the lien. That litigation was terminated, and settled all the rights of the parties involved in it. "A decree or order is final, and within the provision allowing an appeal, which is conclusive as to its subject or object." Baker vs. Lehman, Wright, Ohio, 522; Ware vs. Richardson, 3 Md., 505; Perkins vs. Sierra Nev., S. M. Co., 10 Nev., 405.

It was held in Harrison vs. Thurston, 11 Fla., 307, that a refusal to dissolve in a suit commenced by attachment, was not a final judgment from which an appeal would lie, because something remained to be done to put an end to the suit. [It is respectfully submitted that the second head-note to the reported case does not refer to anything

decided in the opinion of the court, or by the judgment.]
There is. nothing in that case decisive of any question here,
nor do the cases referred to in the opinion of the court
bear upon the present question, except so far as they hold
that a final judgment is one that determines the rights in
issue.

Our conclusion is that the judgment of the court dis-
missing the attachment is such a final judgment, determin-
ing the rights of parties, that an appeal will. lie. Without
this, the plaintiff would be without remedy, however erro-
neous the judgment might be; and it is clearly the policy
of the law that an appeal should not only be effective to .
correct an error, but also effective to save the rights of par-
ties. It is also clear that an appeal in a case like the pres-
ent, postponed until after judgment upon the cause of action,
would not save the lien of the attachment, though it may
be found that the Judge committed an error in dissolving
the ancillary writ.

Concluding that the appeal here is effective to remove
the record of the judgment dissolving the attachment to
this court for review, and that the writ of error is not effi-
cient to bring up the matters involved in the appeal, to
conserve the rights of the plaintiff if they are aggrieved,
the writ of error must be dismissed, and the cause re-
tained on the appeal.

It remains to be considered whether the bond is sufficient,
having been signed and sealed in the partnership name.

The doctrine of the English common law was that a
bond signed by one partner in the course of partnership
business, without an authority under seal, binds only the
partner who signs and seals it, although it is signed and
sealed in the name of the firm. The old authorities assert
that no prior authority or subsequent ratification, either
verbal or by writing without seal, is sufficient to give va-

lidity to the instrument as the sealed contract of the parties. The American courts have strongly inclined to repudiate the doctrine in all cases where an express or implied authority or conformation could be justly established, not under seal, whether it be verbal, or in writing, or circumstantial. Story on Partnership, 6th Ed., §§120, 121.

Chancellor Kent, in his Commentaries, Vol. 3, 48, says: " The more recent cases have very considerably relaxed the former strictness on this subject; and while they profess to retain the rule itself, they qualify it exceedingly in order to suit the exigencies of commercial associations. An absent partner may be bound by a deed executed on behalf of the firm by his co-partner, provided there be either a previous parol authority, or a subsequent parol adoption of the act." Skinner vs. Dayton, 19 Johns., 512; Anderson vs. Tompkins, 1 Brock., 462; Cady vs. Shepherd, 11 Pick., 405, 406; Bond vs. Atkin, 6 Watts & Serg., 166; Gram vs. Seton & Bunker, 1 Hall., N. Y., 362; Milton vs. Mosher, 7 Met., Mass., 244; Herbert vs. Hanrick, 16 Ala., 581; Smith vs. Kerr, 3 N. Y., 144; Drumright vs. Philpot, 16 Ga., 424; Swan vs. Stedman, 4 Met., 548; Ely vs. Hair, 16 B. Monroe, 230; Story on Part., §121, note 2.

In Ball vs. Dunsterville, 4 Term R., 313, it is decided that if A execute a deed for himself and his partner, by the the authority of his partner and in his presence, it is a good execution though sealed but once. Gibson vs. Warden, 14 Wall., 244, 247; Purviance vs. Sutherland, 2 Ohio St., 478. In Kasson vs. The Estate of Brocker, 47 Wis., 79, 85, an appeal bond was signed Kasson & Noyes, as principals in the matter of a claim prosecuted by them; it was held that a bond signed by one partner in the partnership name will bind all the parties consenting to such signature, and will bind their heirs. To the same effect see

Danforth, Davis & Co. vs. Carter & May, 1 Iowa, 546, 553, which was like the present case, a motion to dissolve an attachment, the bond having been signed in the partnership name.

The written deposition of Jeffreys that he authorized and ratified the signing of the bond was sufficient to bind him to the act of Stribling, his partner, and the bond was the deed of both partners.

It is therefore considered that the writ of error in this case be dismissed; that the judgment of the court dissolving the attachment was a final judgment from which an appeal would lie, and the judgment dissolving the attachment is reversed with costs.