FERGUSON *v.* HANAUER.

Opinion delivered May 7, 1892.

56  179
56  329
56  179
66  260

1. *Partnership assets—Land—Conveyance.*

Where land is purchased by two partners, for the use of the firm and with its funds, and there is no agreement that it shall be held for their separate uses, it will be treated in equity as partnership assets; and if a deed conveying such land be executed by one of the partners in the firm name in the co-partner's presence and with his consent, it operates as an effectual conveyance of the land.

2. *Mortgage—Effect of release of debt.*

Release of a debt secured by mortgage is no discharge of the mortgage lien where the right to enforce it is expressly reserved.

3. *Practice—Intervention—Misjoinder.*

Where a wife is permitted, in a suit against her husband, to intervene to set up claim to a homestead in her husband's lands, under act of 1887, ch. 64, sec. 2, she cannot object that there is a misjoinder of parties or causes of action, since such matters do not concern her.

Appeal from Mississippi Circuit Court in Chancery.
JAMES E. RIDDICK, Judge.

On the 18th day of March, 1880, Louis Hanauer sold to H. C. Hampson and D. L. Ferguson, partners by the style of Ferguson & Hampson, a plantation in Mississippi county, called "Nodena," for $22,541, of which $9000 were paid in cash out of partnership funds, a vendor's lien being reserved for the balance. There was no agreement that the land should be the separate property of the partners. On January 4, 1884, Ferguson & Hampson, being largely indebted to Schoolfield, Hanauer & Co., a firm of which Louis Hanauer was a member, Ferguson executed in the firm name a deed of trust of the plantation to D. H. and F. P. Poston, trustees, to secure the above indebtedness. Hampson was present at the

time, and assented to the execution of the deed. On December 28, 1888, Ferguson & Hampson severally executed contracts releasing the plantation to Schoolfield, Hanauer & Co., and to Louis Hanauer, receiving from them separate releases of all indebtedness to Hanauer or to the firm of Schoolfield, Hanauer & Co., which releases contained the following clause :

" It is understood, however, that said Hanauer and the firm of Schoolfield, Hanauer & Co. shall retain the benefits of any liens, mortgage or deed of trust which they may now have on or against said property, and may enforce them in any way they may deem proper."

Hanauer brought suit to foreclose his vendor's lien, making Ferguson & Hampson, D. H. & F. P. Poston, trustees, and the firm of Schoolfield, Hanauer & Co., defendants. Ferguson & Hampson severally answered, admitting the facts alleged, and consented that the lien be foreclosed. Schoolfield, Hanauer & Co. answered, asking that the balance remaining after paying off the vendor's lien be paid toward the satisfaction of the deed of trust.

M. A. C. Ferguson, wife of D. L. Ferguson, was allowed to intervene and become party to the suit, and moved the court to strike out all that part of the complaint of Hanauer which sought to enforce the foreclosure of the deed of trust of January 14, 1884, because it was a misjoinder of causes of action and did not affect all of the defendants in the same way. The court overruled this motion, and Mrs. Ferguson excepted. [Hanauer's complaint did not seek to enforce the foreclosure of the deed of trust ; Schoolfield, Hanauer & Co's. answer contains a prayer to that effect.] Thereupon, on the 4th of May, 1889, Mrs. Ferguson filed her answer and cross-complaint, making the plaintiff and the defendants in the original suit parties defendants thereto. She alleged that her husband was entitled to claim a homestead in

160 acres of the land on which he resided, and that he refused to claim it; that sufficient land was left to discharge the vendor's lien; that she did not join in the execution of the deed of trust nor acknowledge the same. She asked that the homestead be set apart to her.

The court denied her right to a homestead and rendered judgment foreclosing the vendor's lien and directing any surplus to be applied to the debt secured by the deed of trust. Mrs. Ferguson has appealed.

*E. F. Adams* for appellant.

1. There was a misjoinder of causes of action and of parties, and appellant's motion should have been sustained. Mansf. Dig. secs. 5014, 5016; 27 Ark. 582.

2. If the lands were not partnership property, Mrs. Ferguson could certainly set up her homestead right under the Constitution without the aid of the act of 1887. 46 Ark. 159; Const. art. 9, secs. 3, 4; Acts 1887, p. 90; 41 Ark. 94; 40 *id.* 69.

3. Ferguson & Hampson were tenants in common, and a tenant in common is entitled to homestead. 54 Ark. 9; 41 *id.* 94; 39 *id.* 301; 29 *id.* 280.

4. The fact that Mrs. Ferguson owned the Ellis place is not an estoppel. 42 Ala. 317.

5. Mrs. Ferguson had the right to compel Hanauer to resort to the other lands before selling the homestead. 46 Cal. 638; 19 Iowa, 405; 30 *id.* 412; 48 Penn. St. 315; 31 Ark. 203.

6. The lands are not partnership lands, but under the laws of Arkansas they were held in common. The deed to them was as individuals. Mansf. Dig. sec. 467; 31 Ark. 580. Hence there has never been any conveyance to the Postons as trustees. 3 Sneed (Tenn.), 594; 36 Ark. 456.

7. But if partnership lands, they could not be conveyed in the mode attempted. 15 Gratt. 35-6; Story on Part. sec. 94. The mere fact that tenants in common

are partners and that the lands are purchased with partnership funds does not make the land partnership assets. 5 Metc. (Ky.) 562 ; 39 Am. Dec. 697 ; 27 Tenn. 88 ; 12 Leigh (Va.) 264 ; 37 Am. Dec. 654 ; 24 N. Y. 513 ; Freeman on Cot. and Part. secs. 114–18 ; 2 Sand. (N. Y.) 561 ; 3 How. (Miss.) 360.

*U. M. & G. B. Rose* for appellees.

1. The land belonged to the firm of Ferguson & Hampson, a partnership, and no exemptions can be claimed in partnership property. 46 Ark. 48 ; 48 Ark. 557 ; 2 Bates on Part. sec. 1131. That it was partnership property, the proof is clear, and the deed so recites. 1 Bates on Part. sec. 281 ; 1 Devlin on Deeds, sec. 49 ; 36 Ark. 464.

2. The deed was signed by one partner, and the other was present and assented to it. This is sufficient. 1 Devlin on Deeds, sec. 110 ; 1 Ark. 206 ; 4 *id.* 450 ; 14 *id.* 31 ; 20 *id.* 325.

3. Before the act of 1887, the assent of the wife was not necessary to convey a homestead. 37 Ark. 298. But the act of 1887 could not affect a mortgage executed three years before. 40 Ark. 423 ; 47 *id.* 515.

1. Effect of conveyance of land by single partner.

HEMINGWAY, J. It may be stated as settled at this time that when land is purchased by partners for the use of the firm and with its funds, and there is no agreement or design that it shall be held for their separate use, it will be treated in equity as vested in them in their firm capacity, whether the title is in all the partners as tenants in common, or in less than all. 1 Bates, Part. sec. 281 and cases. And if a deed conveying such land be executed by one partner in the firm name in the presence of his co-partners and with their consent, it operates as an effectual conveyance of the land. 1 Bates, Part. sec. 292 ; 1 Devlin on Deeds, sec. 110 ; *Peine* v. *Weber*, 47 Ill. 41 ; *Pike* v. *Bacon*, 21 Me. 280 ; *Wilson* v. *Hunter*, 14 Wis. 683 ; *Smith* v. *Kerr*, 3 N. Y. 144 ; *Haynes* v. *Sea-*

*chrest,* 13 Ia. 455 ; *Gibson* v. *Warden,* 14 Wall. 244 ; *Holbrook* v. *Chamberlin,* 116 Mass. 155; *Sigourney* v. *Munn,* 7 Conn. 11 ; *Edgar* v. *Donnally,* 2 Munf. 387. It follows that the deed of trust was valid, and that the wife of Ferguson could assert no subsequently acquired homestead right to defeat it.

But it is contended that the deed of trust was extinguished by the release of the debts, and that, it being cancelled, the wife can assert her homestead rights under the act of 1887.* The instrument of release does not admit of the construction contended for. It contains an express stipulation that Hanauer, individually, and the firm of Schoolfield, Hanauer & Co. should retain the benefits of all liens, mortgages or deeds of trust that they then held against the property, with the privilege of enforcing them as they might deem proper. The purpose of the parties is manifest, and their agreement must be construed accordingly. The parties plainly agreed that Hanauer and the firm of Schoolfield, Hanauer & Co. should apply the securities to the debts, and that they should not look to Ferguson or Hampson individually for any balance that might be due. Under the agreement the deed of trust was not satisfied, and Hanauer is permitted to maintain this suit. <span style="font-variant: small-caps;">2. When mortgage not extinguished by release of debt.</span>

The objection that there was a misjoinder of parties and of causes of action comes without force from Mrs. Ferguson, as it relates to matters that did not concern her. <span style="font-variant: small-caps;">3. Practice in intervention.</span>

Affirm.

---

* The act of 1887, ch. 64, p. 90, provides :

"Section 1. That no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same.

"Section 2. That * * * if the husband neglects or refuses to make such claim (of homestead), his wife may intervene and set it up."