LEWIS *v.* BUFORD.

Opinion delivered November 29, 1909.

1.  PARTNERSHIP—REAL PROPERTY.—Where real estate is purchased by the members of a firm with partnership funds and for partnership purposes, in the absence of any agreement that it shall be held for their separate uses, it will be treated in equity as partnership property. (Page 61.)

2.  SAME—INTEREST OF PARTNER.—The interest of a partner in firm property, so far as his individual creditors are concerned, is his share after paying the debts of the firm; including any debt he may owe to the firm.  (Page 62.)

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; reversed in part.

*W. Prickett* and *Pipkin & Martin* and *McPhetrige,* for appellants.

Until the surplus was ascertained, the decree should not have been rendered.  36 Ark. 612; 84 Ark. 172; 11 Gray 179; 76 Ala. 501; Story on Part. 90.  The equitable lien of a partner for payment of debts, including debts due him for advances, extends to the real estate of the partnership.  85 Mo. 398.  Neither party can convey title to a moiety of the goods, so as to defeat the right of the other to have firm debts paid out of that fund.  9 Me. 28; 5 Johns. Ch. 417; 85 Tex. 22.  The real estate must be considered as partnership property, without reference to the record title.  64 N. Y. 479; 55 Ill. 416; 14 Fla. 565; 17 Cal. 262.

*Richard M. Mann,* for appellee.

The mortgage was fraudulent and void, and should be set aside.  45 Ark. 520; 14 Ark. 69; 64 Ark. 373; 31 Ark. 666. While the business of the firm is still unsettled, it can not be told what portion of the debt is due from any one partner.  72 Ark. 469; 32 S. W. 221.  It is the intent to defraud that vitiates the security, and the effect is the same whether that is shown by written terms or by other evidence.  39 Ark. 325; 46 Ark. 112; 41 Ark. 186.  If it appear that the creditor was aiding the debtor to defeat his other creditors, the transaction will be held void.  50 S. W. 912; 113 N. W. 872; 13 L. R. A. (N. S.) 554; 106 S. W. 1121.

HART, J.  In 1907 J. B. Buford instituted suit in the Little River Chancery Court against appellant J. A. Lewis and one W.

A. Carroll, alleging that they were partners, to recover the amount alleged to be due on a promissory note for $1,000. The chancellor found that there was no partnership, and a decree was entered against Carroll alone. Buford appealed, and this court held that the evidence showed that a partnership existed between Carroll and Lewis. The decree was therefore reversed, with directions to also enter a decree against Lewis. The case is reported in 87 Ark. 412 under the style of *Buford* v. *Lewis.* The opinion was delivered on October 5, 1908. A decree was entered in the Little River Chancery Court on the 18th day of November, 1908, in conformity with the directions of this court, and on the same day a certified copy of the decree was filed in the office of the clerk of Polk County, in which county Lewis resided.

The complaint in the present case, as filed in the Polk Chancery Court against J. A. Lewis, Mary F. Lewis and A. C. Briggs, after reciting the above mentioned facts, alleges that the above mentioned decree is unpaid, and that both Carroll and Lewis are insolvent. That on the third day of November, 1908, the defendant, J. A. Lewis, who was then insolvent, conveyed by warranty deed to his wife, Mary F. Lewis, the following described property in Polk County, Arkansas: lot 5 in block 50 in the city of Mena and the undivided one-half interest in the N. W. ¼ of S. W. ¼ of S. E. ¼ of sec. 8, town. 2 S., range 30 W., containing ten acres; also, equity of redemption in and to an undivided one-third interest in lot 5, block 7, in Eureka Addition to the city of Mena. That on the 10th day of November, 1908, he conveyed by mortgage to A. C. Briggs, his partner in business, his interest in certain personal property of the firm; and that on the same day he also conveyed to his said wife certain shares of stock in a mercantile business. That said transfer and conveyances were made with the fraudulent intent to cheat, hinder and delay plaintiff in the collection of his debt against the defendant J. A. Lewis.

The defendants J. A. Lewis, Mary F. Lewis and A. C. Briggs filed separate answers. The defendant J. A. Lewis admitted making the conveyances, but stated that they were executed in good faith for valuable consideration, and denied that they were made for the purpose of defeating the plaintiff in the collection of his debt.

The defendant Mary F. Lewis, in her answer, stated that she

knows nothing of the matters set up in plaintiff's complaint, and averred that the transfer and conveyances to her were made for the purpose of reimbursing her for certain sums received by her from her father's estate, and which her husband held in trust for her.

A. C. Briggs, for his separate answer to the complaint of the plaintiff, J. B. Buford, states:

"1. That of his personal knowledge he knows nothing in regard to any transactions between his co-defendant Jas. A. Lewis and the plaintiff, J. B. Buford. That he owes the plaintiff nothing, and is in no way liable for any claim or judgment on the part of said plaintiff against his co-defendant J. A. Lewis.

"2. That he and the defendant Lewis entered into a co-partnership in the meat business at Mena in May, 1903, and have remained in said business from that date until the present time, and that during the conduct of said business his co-defendant Lewis has, by reason of advances made to him by this defendant, become heavily indebted to him, all of said indebtedness and all of said advances having been made to the said Lewis by him out of the proceeds of said partnership.

"3. That the amount of the indebtedness existing and due to this defendant by his co-defendant, above set forth, amounts to $1,452, and that the only security that he has for the same is a chattel mortgage for $500, leaving his co-defendant indebted to him as above set forth in the sum of $952, for which said sum he has no security.

"4. That heretofore, towit, on the .... day of November, 1908, his co-defendant J. A. Lewis conveyed to his wife the following described property situated at Mena, Polk County, Arkansas, and of the nominal value of $......: lot 5, block 50, in the city of Mena; one-half interest in N. W. ¼ of the S. W. ¼, section 8, Tp. 2 S., R. 30 W., containing 10 acres; this defendant adopting so much of the answer of his co-defendant J. A. Lewis, heretofore filed in this cause, as may be applicable to any issue tendered by the pleadings and affecting the interest of this defendant.

"Wherefore, the premises considered, the defendant prays that if the court, for any reason, should find that the conveyance of his co-defendant, J. A. Lewis, to Mary F. Lewis, his wife, is

void or voidable, he prays that the property so attempted to be conveyed to her be, by appropriate decree of the court, vested in him in satisfaction or part satisfaction of the indebtedness existing in his favor, and against his co-defendant J. A. Lewis, and that he be discharged from further day in the court, and recover all of his costs in and about this suit laid out and expended, and for such other general and special legal relief as he may be entitled to under the proof in the case."

The chancellor found that the conveyances of Lewis to his wife were fraudulent, and a decree was entered subjecting said property to the payment of plaintiff's claims.

The chancellor further found that the mortgage to the defendant Briggs was valid, and the cause was dismissed as to him.

The defendants have appealed. Counsel for defendants in their brief say: "So much of said decree as holds the transfer or sale of the real estate to Mrs. Lewis void for fraud is passed without comment for the purpose of the appeal. The conclusion reached by the honorable chancellor we believe to have been correct, but not for the reasons assigned in the decree. The conveyance was void for the reason that Lewis had no power nor right in the subject-matter of the conveyance." Hence it will only be necessary for us to consider the decree of the chancellor, in so far as it affects the rights and equities of the defendant Briggs.

The record shows that the partnership between the defendants J. A. Lewis and A. C. Briggs was formed in May, 1903, for the purpose of running a meat market in the city of Mena, Arkansas, and that it has continued since that time. They were equal partners. Briggs worked in the shop cutting and selling meats, and Lewis attended to the buying, book work and collecting. The deed to lot 5, in block 50, in the city of Mena was made to J. A. Lewis and A. C. Briggs. The consideration was $700, which was paid out of the partnership funds. The lot had a house on it, which was rented about one year after the purchase. They then moved their meat market into it, and have used it for that purpose ever since. The ten-acre tract was purchased for use as a slaughter house and pasture for cattle, and has been used for that purpose in connection with their meat shop since its purchase. The consideration was $475, which was paid out of the funds of the partnership. The property has not increased in

value since its purchase, and the firm has but little assets except the property in controversy. In the case of *Ferguson* v. *Hanauer,* 56 Ark. 179, the court said:

"It may be stated as settled at this time that when land is purchased by partners for the use of the firm and with its funds, and there is no agreement or design that it shall be held for their separate use, it will be treated in equity as vested in them in their firm capacity, whether the title is in all the partners as tenants in common, or in less than all." In the present case the partners were running a butcher shop, or meat market, and the lands purchased were necessary for their use in carrying on their business. The real estate was purchased with partnership funds. It was used exclusively in carrying on the partnership business, and it was their evident intention to purchase it as partnership property. Hence we hold that it was partnership property.

The testimony shows that the defendant J. A. Lewis had overdrawn his share of the partnership funds to the amount of at least $1,500. The defendant Briggs, in his answer, prays that, if the court should find the conveyance of J. A. Lewis to his wife of the partnership real estate to be void, the property should be appropriated to the satisfaction of his claim. In short, he asks for the enforcement of what is known as a "partner's lien." In the case of *Summers* v. *Heard,* 66 Ark. 550, it was held (quoting syllabus): "One who enters into a partnership with another thereby acquires an equity to compel the application of the firm's assets to the payment of debts of the firm, and to have the surplus thereafter remaining applied to a debt due to himself on partnership account and to an adjustment of balances and cross demands between his co-partner and himself, and, upon a dissolution of the partnership, to have his proportionate share of the assets remaining on hand."

The court said: "In recognition and enforcement of such rights and equities, the statutes of this State provide that, when the property of a partnership is levied upon to satisfy an execution against one of the partners, the officer shall not, by virtue of his levy, deprive the partners of the possession of the property levied upon, except for the purpose of making an inventory thereof, and having the same appraised, and that, upon the execution being returned by the officer that he had levied the same

upon the property in which the debtor was  *  *  *  partner, and that the same was claimed by the other  *  *  *  partners, the execution creditor may proceed by equitable proceedings to subject to the satisfaction of his execution the interest of the debtor so levied upon." See Kirby's Digest, § 3244. The rule applies in the present case. Briggs was not liable for the individual debt of J. A. Lewis. Lewis was indebted to him by reason of having overdrawn his share of the partnership funds. Lewis's interest in the assets of his firm was his half of the surplus, after the payment of the debts of the firm, including the amount due Briggs. The balance due Lewis, if any, was all that Buford could subject to the payment of his claim; and this could not be done before it was ascertained and set apart. *Summers* v. *Heard, supra.* See also Bates on Partnership, § § 820-822; George on Partnership, pp. 179 to 181.

Therefore, the court should have granted the prayer of Briggs, and should have ascertained and settled his equities in the assets of the firm before subjecting the interest of the defendant J. A. Lewis to the payment of the claim of the plaintiff.

The decree, in so far as it affects the rights and equities of the defendant Briggs in the partnership assets, is reversed, and the cause remanded for further proceeding in accordance with this opinion, and the decree in other respects is affirmed.

Mr. Justice WOOD dissents.