DREWRY vs. MONTGOMERY et al.

DOWER: *Claim of, by widow, in partnership, etc.*

On demurrer to bill, by widow, to have dower assigned her in the real estate belonging to her husband in partnership, at the time of his death, and that she be permitted to take the same discharged of all debts of the partnership: *Held,*

1. That, in equity, real estate purchased with partnership funds, or for the uses of the partnership, are chargeable, upon settlement of the affairs of the firm, with the debts of the copartnership, and any balance that may be due from one partner to another.

2. If the realty be acquired in such manner as to make its owners tenants in common, other than that arising from and growing out of the partnership, in such case the widow is entitled to dower; otherwise, if acquired with partnership funds.

APPEAL from *Lafayette* Circuit Court.

Hon. G. W. McCown, Circuit Judge.

*Gallagher & Newton*, for appellant.

McClure, C. J. Sarah E. Drewry, the appellant, filed her bill in the Lafayette circuit court, setting up that her husband, in his lifetime, made a will which, after his death, was duly probated, the provisions of which, in her favor, she declined to accept. Drewry, at the time of his death, was one of the partners of a firm known as Howell & Drewry, and of the mercantile house of P. B. Wheat & Co., and the bill prays that she have dower in the real and personal estate of the poperty belonging to these copartnerships.

Howell, the administrator of Drewry, and surviving partner of the firm of Howell & Drewry, and of the firm of P. B. Wheat & Co., demurred to the bill, and assigned the following causes :

"*First.* Because said complaint does not state facts sufficient to constitute a cause of action for dower against said defendant, as surviving partner and administrator of the partnership effects of said firms or either of them, out of either the real or personal assets of said firm or either of them.

"*Second.* Because Robert H. Howell, as surviving partner and administrator of the partnership effects of said firm and each of them, is entitled to all the assets of said firms, both real and personal, for the payment of the debts of said firms, and the costs and expenses of administration during two years from the date of his letters of administration, or until the payment of said debts and costs and expenses, and the closing of the affairs of said firms, and said bill shows upon its face that said two years have not elapsed by more than twelve months.

"*Third.* Because said plaintiff is not entitled to dower out of either the personal or real assets of either of said firms,

until all the debts, costs and expenses of administering the same have been paid and their affairs closed, and the excess, if any, paid over to the regular executor or administrator of the said Drewry, deceased, for which purpose the said defendant is allowed two years from the date of his letters as such administrator of the partnership effects of each of said firms, and as much longer time as may be allowed by the proper court, and said complaint wholly fails to show that said debts have been paid or that said two years have elapsed.

" *Fourth.* Because there is no equity in said complaint as against said defendant, Robert H. Howell, as such surviving partner and administrator of said firms.

" *Fifth.* Because the complaint is, and shows itself to be upon its face, a proceeding to recover dower from this defendant, as surviving partner and administrator, out of the partnership effects and property of the firms of Howell & Drewry and P. B. Wheat & Co., whereof this defendant is surviving partner and administrator, by the widow of Drewry, deceased, who was one of the partners in each of said firms, before the expiration of the time allowed by law for the settlement of the affairs of either of said firms, and in priority and preference to the creditors of said firms, and in priority to the right of the defendant, to apply said effects and property to the payment of said creditors, to which dower this defendant says and trusts said plaintiff is not by law entitled."

The court below sustained the demurrer, and Mrs. Drewry appealed.

The demurrer interposed in this case clearly shows that the party making it relied upon the chapter of the so called digest in relation to the settlement of partnership estates. But this court, in *Vincent v. Knox,* 27 Ark., 263, announced that the so called chapters were not legally passed, and it necessarily follows, that so much of this demurrer as is

founded thereon must wing its way to some other tribunal, leaving us to determine the rights of the parties as though the chapters had not been. The widow, under the laws of this state, is entitled to dower for life in one-third of the real estate owned by her husband, at any time during coverture, whether unsold at his death, or sold or alienated by him without her consent in legal form ; also one-third of the personal estate, absolutely. In *Hill, Adm'r, v. Mitchell et al.*, 5 Ark., 614, the words " personal estate " were so construed as not to include choses in action. By the act of February 21, 1859, the right of dower was extended to " choses in action," subject to the payment of the decedent's debts, and by an act approved March 8, 1867, she was allowed dower in the choses in action of her husband, absolutely, discharged from the payment of his debts.

The demurrer presents two questions :

*First.* Under the statute of this state, is a widow entitled to dower in the lands held and owned by a partnership, of which her husband was a member at the time of his death, before a settlement of the partnership estate ? and, *Second.* Is she entitled to a one-third interest in the choses in action or personal property of the parnership estate, before a payment of the partnership debts ?

Real estate purchased with parnership funds, or for the use of the firm is, in equity, chargeable with the debts of the co-partnership, and with any balance that may be due from one copartner to another upon winding up the affairs of the firm, and, in equity, the real estate of the partnership willbe treated as a fund properly applicable to the payment of the partnership debts, and to the satisfaction of any balances growing out of the partnership transactions that may be due among themselves.

How the real property was acquired is not stated in the

complaint. The manner of its acquisition, in some instances, has determined the question at bar. If the realty be acquired in such a manner as to make its owners tenants in common, other than that arising from and growing out of the copartnership in such a case, we see no reason why the widow should not be entitled to dower; but if it be acquired as partnership property, with partnership funds, or with funds which went to make up the capital stock of the partnership, in that event, we are of opinion that a widow is not entitled to dower until the creditors and partners are satisfied.

The attitude in which the appellant places herself is, that she is demanding a one-third interest during her life, and one-third, absolutely, of the personal estate and choses in action, belonging to her husband in the partnership of Howell & Drewry and of B. B. Wheat & Co., discharged of all the debts of the partnership. We think of no rule, and know of no reason why the death of a party to a partnership should be allowed to increase the burthens and liabilities of the survivors, and it may well be doubted whether the act of March 8, 1867, has that effect as to partnerships and debts created before that time. To extend the right of dower to partnership effects as contended for, would work manifest injustice, not only to creditors, but to the partners themselves, and in the absence of express words creating the right, we do not feel like giving it by construction. The view we have taken of this matter renders it unnecessary to determine whether the first section of an act in relation to the chapters of the digest, approved February 25, 1873, continued or put the same in force for the settlement of partnership estates commenced under it.

Finding no error in the action of the court below, its proceedings are affirmed.