WELCH *v.* McKENZIE.

WELCH *v.* JOHNSTON.

Opinion delivered March 11, 1899.

1. POWER OF ATTORNEY—CONSTRUCTION.—A power of attorney executed by a widow, authorizing the attorney to represent her and her interest in the estate of her late husband, with full power to do and perform all acts necessary to promote and protect her interest therein, does not authorize the attorney to bind her by a contract, without consideration, to release her dower in lands of which her husband was seized of an estate of inheritance during his lifetime. Nor does such power of attorney convey authority to represent her in regard to lands which had belonged to her husband, but which he had conveyed away during his lifetime; such lands being no longer a part of his estate. (Page 258.)

2. DOWER—IMPROVEMENTS.—In awarding to a widow dower in lands which had been sold by her husband in his lifetime, she is entitled to recover one-third of the rents of said lands since the death of her husband; but the value of improvements thereon made by the purchasers from her husband should be excluded in estimating her dower and the rents to which she is entitled. (Page 259.)

3. SAME—PARTNERSHIP LANDS.—A widow of a partner is not entitled to dower in lands which were bought with partnership funds for partnership purposes, which were sold as partnership property, and the proceeds of which were paid to the partnership. (Page 259.)

Appeals from Yell Circuit Court in Chancery, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

*W. D. Jacoway,* for appellant.

The widow is entitled to dower in all lands whereof her husband was seized as an estate of inheritance during marriage unless released by her in legal form. Sand. & H. Dig. §§ 2520, 2552; 31 Ark. 557; 2 Woerner, Adm. 1074 and note; 5 Am. & Eng. Enc. Law, 912, notes 14 and 15; 21 Ark. 347. Dower can not be released by parol. 21 Ark. 62; 4 Lead. Cases, Am. Law Real Prop. 521. Never having been evicted, appellees could not have sued on the warranty. 3 Washb. Real Prop. 478; 90 N. J. 298; 112 Mass. 8; 4 Am. & Eng. Enc.

Law, 521–533; 33 Ark. 593. The power of attorney extended only to the appellant's interest "in the estate" of her husband. Hence the act of the attorney in fact in releasing dower was not binding on appellant. 3 Wash. Real Prop. 77–79; 5 Pet. 319. For a misrepresentation to work an estoppel, five elements must concur. There must have been a misrepresentation; knowingly made; made to one who neither knew nor was required to know the facts; made with the intention of inducing action; and having that result. 3 Washb. Real Prop. 79, note 1; Big. Est. 57, 569; 10 Allen, 433; 49 N. Y. 11; 40 Ark. 283; 54 Ark. 465; *id.* 499; 33 Ark. 465; 49 Ark. 218; 63 Ark. 212; 37 Ark. 551; 106 U. S. 447; 93 U. S. 326; Bisp. Eq. 355, note 2; Big. Est. 626; 4 Lead. Cas. Am. Law Real Prop. 421; Tied. Real Prop. 725. The widow can recover her portion of rents up to apportionment of dower. Sand. & H. Dig. §§ 78, 2552; 34 Ark. 63; 8 Ark. 41, 42; 5 Ark. 608; 60 Ark. 475; 2 Scrib. Dow. 700–4; 40 Ark. 393; 2 Woerner, Adm. 1152. Realty bought with partnership funds, or for partnership purposes, is realty at law, subject to dower, just as if the partners were tenants in common. Bisp. Eq. § 408, note 314; 2 Scrib. Dow. 685; 5 Am. & Eng. Enc. Law, 897–898; 48 Ark. 557. Subject to creditors' claims, the widow was dowable out of such property. 48 Ark. 256; 24 Ark. 19; 1 Washb. Real Prop. 200; Tied. Real Prop. §§ 116, 245, 246.

*J. C. Hart* and *R. C. Bullock*, for appellees.

A widow may, by her declarations and acts, estop herself to claim dower in certain property. Herm. Estop. 1244; 1 Washb. Real Prop. 235, 264; 4 Paige, Ch. 92; 67 Mo. 175. Where the whole value of a widow's dower is set apart in part of her husband's lands, she has no claim to the remainder. 40 Ark. 70; 6 Paige, Ch. 478. The making of the release was within both the real and apparent scope of the authority of the attorney in fact. 1 Dev. Deeds, 360, 362; 58 Fed. 712; 48 Fed. 431; Big. Estop. 442. The widow was not entitled to dower out of the partnership lands. 28 Ark. 256; 48 Ark. 557; 4 Met. 527; 5 *ib.* 585; *ib.* 562; Collyer, Part. 135; 1 Dev. Deeds, 208; 56 Ark. 179; 21 S. W. 1, 105; 6 S. E. 630. In suits by widow against alienees of husband's lands, rents are recov-

erable only from demand or suit.   29 Ark. 650; Boone, Real Prop. § 71; 1 Washb. Real Prop. 292–293; 9 S. W. 569; 11 N. E. 912; 1 S. W. 873.   Improvements made since sale should not be considered in assessing dower.   1 Washb. Real Prop. 300; 29 Fed. 402; 1 Am. Lead. Cas. 399, 400.

HUGHES, J.   These suits were brought by appellant, on the chancery side of the Yell circuit court for the. Dardanelle district, to the February term, 1896, for dower in certain lands and town lots owned by her deceased husband, C. W. Welch, and by him sold and conveyed during coverture without procuring her relinquishment of dower therein.

On the hearing in the court below, the two cases mentioned in No. 3671 were consolidated.   To the same term six other suits were brought by appellant for dower, which were consolidated by agreement, all of which eight cases were submitted and argued together in the court below as No. 3672. The proof was taken in but one case, that is, the case of *Harriet P. Welch* v. *J. G. McKenzie*, and it was agreed that the depositions, exhibits, and proof in that case should be read, considered and treated as evidence in each of the eight cases for dower, as far as applicable.

The six cases mentioned in No. 3672 involve the same questions as in the two cases consolidated in No. 3671, except it is contended that the lands and town lots described in the six cases mentioned in No. 3672 were partnership property, and, therefore, not subject to dower.   It was also agreed that the six cases mentioned in No. 3672 should all abide the decision of the supreme court in the case of Harriet P. Welch *v.* T. A. Johnston.

The complaints allege that appellant is the widow of C. W. Welch, late a citizen of Dardanelle, Arkansas; that she intermarried with C. W. Welch on the 30th day of April, 1867; that C. W. Welch died intestate on the 23d day of October, 1890; that, during their coverture C. W. Welch was seized of an estate of inheritance in the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of sec. 25 in T. 7 N., R. 21 west, situated in said district, county and state, which is now claimed by appellee, J. G. McKenzie, and the N. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of sec. 25 in T. 7 N., R. 21 west,

which is now claimed by appellee, T. H. Marr; that dower in said land has never been allotted to her; that said C. W. Welch sold and conveyed said lands to appellees during their coverture; that she never joined her said husband in said deeds, nor relinquished her dower in and to said lands; that said appellees have been in possession of said lands respectively claimed by them, and have enjoyed the rents and profits thereof, continuously since the death of her said husband,—and pray that an account be taken of the annual rental value of said lands since the death of her said husband, and that she be decreed one-third thereof, with six per cent. interest since the accrual of said rents, and that dower be decreed to her in said lands, and that an assignment thereof be made according to the statute.

Appellees, J. G. McKenzie and T. H. Marr, by their respective answers, state that they purchased said lands from C. W. Welch long prior to his death, and that he conveyed said lands to them with proper covenants of warranty and relinquishment of dower by Rosana Welch; that they paid full value for said lands; that C. W. Welch lived with said Rosana, and represented that she was his lawful wife; that, after the death of C. W. Welch, E. P. Welch, the son and sole heir of C. W. Welch, came to Dardanelle with power of attorney from his mother (the appellant herein), and that all of the estate of the said C. W. Welch, deceased, undisposed of at his death, was turned over to E. P. Welch and appellant; that appellees learned that appellant was about to begin proceedings to recover dower in the lands mentioned in these suits, and they were about to proceed against the estate of C. W. Welch to recover on the breach of warranty embraced in said deeds made to them for said lands; that appellant agreed with appellees that she would not claim dower in said lands if appellees would not bring their suit; that, since that time, E. P. Welch and appellant have sold and disposed of the entire estate, or removed it from the state; that, on account of the false and fraudulent representations "made as aforesaid," appellees were induced to abandon their claims against said estate for breach of warranty; that appellant is estopped by her fraudulent conduct, as aforesaid, from claiming dower in said lands. Appellee Marr avers that the northeast $\frac{1}{4}$ of southwest $\frac{1}{4}$, aforesaid, claimed by him,

was exchanged by C. W. Welch with J. H. Dacus for Dardan elle property, and that appellant is barred from recovering dower in that forty acres because she did not begin suit within one year after the death of C. W. Welch.

In the case of Harriet P. Welch *v.* T. A. Johnson the complaint is substantially the same as the complaints of J. G. McKenzie and T. H. Marr. And the answer of T. A. Johnston is substantially the same as the answers of J. G. McKenzie and T. H. Marr, except that T. A. Johnston contends that lots 9, 10, 11 and 12 in block 56 in Dardanelle, and described in the complaint against him, were purchased by W. E. Cotton and C. W. Welch "out of partnership funds for speculative purposes, and were sold, and the proceeds of sale were put into the partnership."

There is evidence tending to show that E. P. Welch, the son and heir of E. W. Welch, by his words and conduct led the appellees to believe that his mother, Harriet P. Welch, the widow of C. W. Welch, would not claim dower in the lands which her husband had owned and sold in his lifetime, in which she had not relinquished dower, and that, relying thereon, the appellees, who had bought said lands of said Welch in his lifetime, refrained from suing the estate of C. W. Welch for breach of warranty contained in the deeds by him conveying said lands. It is not disputed that Harriet P. Welch is entitled to dower in the lands involved in No. 3676, if she is not estopped to claim the same.

After the death of C. W. Welch, his son, the said E. P. Welch, went to Dardanelle with a power of attorney from his mother, to look after and represent her interest in the estate of her deceased husband, the said C. W. Welch, who it seems had for some years been living with a Mrs Rosana Burton, as his wife, and who as such had signed the relinquishments of dower in the deeds conveying the lands in controversy in these cases, and who was generally supposed to be his lawful wife. Following are copies of said power of attorney, and of a letter written by R. C. Bullock to Edwin P. Welch and the reply of Edwin P. Welch to the same, relied upon as evidence to show that Harriet P. Welch is estopped to claim dower in said

lands, together with some other evidence contained in the testimony of witnesses.

"Power of Attorney.  The State of South Carolina; County of Anderson.  Know all men by these presents:  That I, Harriet P. Welch, widow of Clark W. Welch, deceased, and before my marriage named and known as P. A. Harriet Hall, do make, constitute and appoint my son, Edwin P. Welch, my true and lawful attorney for me and in my name to represent me and my interest in the estate of my late husband, the said Clark W. Welch, who recently died in the State of Arkansas, with full power to do and perform all acts necessary to promote and protect my interest therein, to sign all papers, either under seal or not under seal, be it bond for administration, for property or other contracts generally touching the same, to bring suit when deemed advisable, to give all proper receipts and acquittances, releases and the like, and in fact to do all and singular every act relating to said estate affecting mine and his interest, as he may deem best, even to the extent of selling or disposing of our interest and shares in said estate; with power also to appoint attorney or attorneys under him for that purpose, to make and substitute, and to do all lawful acts for effecting the premises; hereby ratifying and confirming all that my said attorney or substitute or substitutes shall do by virtue thereof.  [Signed] Harriet P. Welch."

"DARDANELLE, ARK., Feb. 12, 1891.

"Edwin P. Welch:

"DEAR SIR—Am importuned by Mr. J. W. Blevins, McKenzie *et al.*, in regard to the lands sold by your father in his lifetime without relinquishment of dower on the part of your mother, in which Mrs. Burton joined as his wife.  They demand a definite answer, and talk of bringing suit unless they get some kind of quitclaim to the lands from your mother.  I have not looked the matter up from a legal standpoint, but it would seem at first blush that they are innocent purchasers, and whether or not your estate from your father would be liable on account of his covenants in the deeds is a question I can't answer just now, not having time to look it up; but if your mother does not desire to contest her rights of dower in these lands,

that would settle it. You can answer me early. Am very busy with circuit court, and will write again. Yours, etc.,

[Signed]   "R. C. BULLOCK."

"February 16, 1891.

"Mr. R. C. Bullock, Dardanelle, Ark.:

"DEAR SIR—Your favor of the 12th inst. to hand. In regard to dower would say that neither my mother nor myself have any desire to claim anything whatever from those gentlemen. I suppose that they gave full value for the title which they now hold, and I think that it would be out of the question of justice and right to force them to pay the dower. I don't think they are acting altogether right in the matter, however, as they seem to anticipate forcing matters, which I am confident would prove a failure. It appears to me that it would have been much more businesslike in these gentlemen to have seen me and asked me to have given them the relinquishment necessary, without making any unusual amount of threats. You can say to them that they need have no fears from this section. Very truly,        [Signed]   EDWIN WELCH."

Mrs. Harriet P. Welch testified: "I do not know any of the defendants to the several suits instituted by me for dower in Yell county, Ark. I never did at any time, in any way or manner, agree with the defendants, or any one else, not to sue for dower in any lands or town lots involved in any of suits now pending in the Yell circuit court, for the Dardanelle district. Nor did I ever authorize my son, E. P. Welch, as my agent and attorney in fact, to make any agreement to surrender, abandon or release my dower rights to any of the lands or town lots involved in said suits. I did not know, prior to the institution of these suits, what lands and town lots in Yell county, Ark., my husband, C. W. Welch, had owned and sold before his death." Unless the said power of attorney conferred upon the said Edwin P. Welch the power to make the agreements which it is contended was made by Edwin P. Welch, and which it is said estops Mrs. Harriet P. Welch from claiming dower in the said lands, there does not appear to be any evidence of estoppel in the case. In adddition to the testimony of Mrs. Welch above quoted, she said on cross-examination:

"E. P. Welch did not, with my knowledge or consent, write to R. C. Bullock to tell said parties that I would make no claim for dower in the lands conveyed to them, nor any words to that effect." Edwin P. Welch testified: "Nor did I ever at any time, in any way, manner or form, agree with the defendant, J. G. McKenzie, or any one else, to abandon or release my mother's dower interest in any of said lands or town lots, nor did my mother, Harriet P. Welch, ever give me any authority to do so, and I never exercised or attempted to exercise such authority." It seems, however, that there is some testimony tending to show that he induced the purchasers of these lands to believe that if they would not sue for breach of covenants in his father's deed to the same, his mother would not claim dower in these lands, which had been conveyed by C. W. Welch in his lifetime, in which Mrs. Harriet Welch had not relinquished her dower.

Did the power of attorney authorize Edwin P. Welch to make the agreement contended for? The expressed purpose of the power of attorney was to empower and authorize Edwin P. Welch to represent Mrs. Harriet P. Welch and her interest in the estate of her late husband, the said Clark W. Welch, "with full power to do and perform all acts necessary to promote and protect my interest therein." Certainly, this did not authorize Edwin P. Welch to relinquish her dower in the lands in controversy, or to bind her not to claim her dower. By the laws of this state, the widow is entitled to her dower in the lands of her deceased husband, whereof he was seized of an estate of inheritance at any time during marriage, unless the same shall have been relinquished in legal form. Sand. & H. Dig. § 2520. She takes this dower by way of lien created by, and at the time of, marriage, and independent of debts, and paramount to the claims of creditors. *Tate* v. *Jay*, 31 Ark. 577, and cases cited. In the event the parties to whom the land had been conveyed by Clark W. Welch with warranty of title had sued for breach of warranty, and had recovered judgment against the estate of C. W. Welch, it would not have diminished or affected, in the least, the widow's dower in the lands, but would have diminished the estate of the heir, Edwin P. Welch, or the estate in the hands of an admin-

istrator. It is not supposed that Harriet P. Welch, the widow, consented to part with her dower without consideration.

Again, this power of attorney authorized E. P. Welch to represent and protect the interest of Mrs. Harriet P. Welch in the estate of her said husband, Clark W. Welch. These lands in controversy had been conveyed by Clark W. Welch in his lifetime, and, after his conveyance of them, were no longer any part of his estate, and were not such at the time the power of attorney was executed. The evidence tends to show that, at the time she made the power of attorney, she did not know what lands, if any, her husband owned in his lifetime. This, it would seem, negatives the idea that, when she used the expression, "estate of her deceased husband," she referred to these lands as a part of the same.

We think that if E. P. Welch undertook to bind his mother, Harriet P. Welch, not to claim dower in the lands in controversy, he had no authority or power to bind her; that his acts, if they were intended to bind her, were unauthorized, and she is not estopped, according to the evidence in this case, from claiming dower in said lands in case No. 3671. The decree of the court holding that she was estopped is reversed, and as to this the cause is remanded, with directions to enter a decree for Harriet P. Welch for dower in said lands involved in case 3671 of Harriet P. Welch *v.* J. G. McKenzie, and Harriet P. Welch *v.* T. H. Marr, and for one-third of the rents of said lands since the death of the said Clark W. Welch, her deceased husband; but the value of improvements made by the purchasers from her husband must be excluded in estimating her dower (1 Washburn, Real Property, 300, and cases cited) and the rents to which she is entitled.

In case No. 3672, *Harriet P. Welch* v. *T. A. Johnson*, it appears that the lands involved were partnership lands, bought with partnership funds and for partnership purposes, by Cotton and C. W. Welch, while partners in business, and were sold by the firm as partnership property, and that the proceeds of the sale were paid into the partnership. "In equity real estate purchased with partnership funds, or for the use of the partnership, are chargeable, upon settlement of the

affairs of the firm, with the debts of the co-partnership, and any balance that may be due from one partner to the other. If the realty be acquired in such manner as to make its owners tenants in common, other than that arising from or growing out of the partnership, in such cases the widow is entitled to dower; otherwise, if acquired with partnership funds. *Drewry* v. *Montgomery*, 28 Ark. 256. This land was purchased, as appears from the evidence, during the partnership, with partnership funds, for the use of the partnership, and the deed was taken to Cotton Bros. & Co., and it does not appear that there was any agreement that it should be held for the separate use of the partners. It was sold as partnership property while the partnership existed, and the proceeds of the sale were turned into the firm. The widow was therefore not entitled to dower in the lands involved in consolidated case No. 3672, and the decree in that case is affirmed. *Ferguson* v. *Hanauer*, 56 Ark. 179; *Howard* v. *Priest*, 5 Metc. (Mass.) 585; *Dyer* v. *Clark*, 5 *id.* 562.

BUNN, C. J., and WOOD, J., dissenting.