## Bonner *v.* Coburn.

Opinion delivered March 24, 1924.

1. Partnership—power of surviving partner.—A surviving partner is charged with the duty of paying the partnership debts, and, to enable him to discharge this duty, he has a right to dispose of the partnership realty if necessary.

2. Partnership—real estate.—The real estate of a partnership in equity is considered as personal property, in so far as may be necessary for the payment of partnership debts.

3. Partnership—enforcing conveyance from heirs of deceased partner.—Upon the death of a partner, the surviving partners, charged with the duty of paying the partnership debts, are deemed to be possessed of the equitable title to the partnership realty, which they may dispose of, and they may compel the heirs of the deceased partner to convey the legal title to the purchaser.

4. Partnership—evidence.—Evidence as to negotiations for the settlement of partnership debts *held* to establish that partnership realty was in fact sold by the surviving partners for money with which to pay the partnership debts.

Appeal from Desha Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This action was brought in the circuit court by Edward E. Bonner and Lillian Bonner Rafe against Maud P. Coburn and others to recover the possession of certain town lots in the town of Watson, in Desha County, Arkansas, with damages for their detention. The suit was commenced on the 25th day of July, 1918, and, on motion of the plaintiffs, was transferred to the chancery court on January 20, 1919.

The suit was defended on the ground that the lots in question were partnership property, and had been sold by the surviving partner to the defendant, Mrs. Maud P. Coburn, for the purpose of paying the partnership debts.

It appears from the record that the lots sued for had belonged to Preston & Bonner, a firm composed of W. D. Preston and H. L. Bonner, having been purchased by them with partnership funds for partnership purposes. Preston & Bonner were engaged in running a supply store

and a saloon in a building situated on some of the lots. The other lots purchased by the partnership were vacant lots, and have never been of much value. H. L. Bonner had active charge of the business until his death on December 11, 1906. After his death, W. D. Preston made an investigation of the partnership affairs, and found that the partnership was insolvent. He subsequently settled with the partnership creditors at fifty cents on the dollar. The partnership real estate was sold by him to his sister, Maud P. Coburn, on December 11, 1907, and the deed was duly filed for record on the 23rd day of December, 1907. Mrs. Coburn went into possession of the property at the time the deed was executed to her, and has been in possession of it ever since. Other facts will be stated or referred to in the opinion.

The plaintiffs are the children and sole heirs at law of H. L. Bonner, who died intestate.

The chancellor found the issues in favor of Mrs. Maud P. Coburn; and it was decreed that the complaint of the plaintiffs should be dismissed for want of equity and that the title of the defendant, Mrs. Maud P. Coburn, to all of the lots involved in this suit be vested in her in fee simple, free from all claims of the plaintiffs.

To reverse that decree the plaintiffs have duly prosecuted an appeal to this court.

*J. F. Wallace* and *Danaher & Danaher,* for appellant.

In the absence of any provision in the partnership articles or in the decedent's will on the subject, the survivor has no authority to continue the business, as distinguished from winding it up. If he does continue it, he alone is liable for debts incurred; and he must answer for all depreciation and loss due to such continuance. 30 Cyc. 636; 26 Ark. 135; 26 Ark. 154. The possession of land by one of the co-tenants is, in contemplation of law, possession by all of them. 26 Ark. 135; 20 Ark. 359; 55 Ark. 104; 30 Cyc. 119. The mere fact that one co-tenant receives the entire rents of the land is not sufficient to divest his co-tenants of possession thereof, or to make

his own possession adverse to them. 99 Ark. 87. In order therefore for the possession of one tenant in common to be adverse to that of his co-tenants, knowledge of his adverse claim must be brought home to them directly, or by such notorious acts of an unequivocal character that notice may be presumed. 99 Ark. 451.

*Coleman & Gantt* and *Jack Bernhardt,* for appellee.

All partnership assets of whatever form, by a fiction of equity, for commercial convenience, are personalty in the hands of the surviving partner. 69 Ark. 242. Surviving partners are trustees to wind up the affairs of the concern. 54 Ark. 295; 83 Ark. 306. A surviving partner is entitled to the partnership property and effects for the purpose of settling the accounts and paying the debts. 16 Ark. 616; 19 Ark. 443; 28 Ark. 140; 26 Ark. 135; 26 Ark. 154; 54 Ark. 395. The heirs of a deceased partner are not necessary parties to proceedings by surviving partner for the sale of partnership property, though part of it is in realty. 83 Ark. 306. Surviving partner may take notes and a mortgage securing same in name of former firm and sue thereon, on the theory that, while the death of a partner dissolves the partnership, it does not wind up the partnership. 145 Ark. 548. The existence of a partnership may be established by parol evidence. 74 Ark. 437.

HART, J., (after stating the facts). The decision of the chancellor was correct. The lots sued for belonged to the firm of Preston & Bonner. They were purchased with partnership funds, and the most valuable ones of them were used in carrying on the partnership business. The partnership having been dissolved by the death of H. L. Bonner, W. D. Preston, the surviving partner, by deed conveyed the lots to Maud P. Coburn for $5,000, to be used in paying the partnership debts. Upon the dissolution of the partnership by the death of Bonner, Preston, as the surviving partner, was charged with the duty of paying the partnership debts. To enable him to discharge that duty, he had the right to dispose of the partnership real estate, if necessary for this purpose. By

the settled doctrine in this State, the real estate of a partnership is, in equity, considered as personal property in so far as may be necessary for the payment of the partnership debts. *Coolidge* v. *Burke,* 69 Ark. 237. This court has also held that the widow of a partner is not entitled to dower in lands which were bought with partnership funds for partnership purposes, which were sold as partnership property, and the proceeds of which were paid to the partnership. *Welch* v. *McKenzie,* 66 Ark. 251.

The deed from Preston to Mrs. Coburn expressly assumes to convey the lots described in it to her. In case of insolvency of the partnership, it is clearly liable to be applied to the payment of the partnership debts, and the equitable title thereto must be deemed to be in the surviving partner for such purpose. Upon the dissolution of the partnership by the death of one of its members, the surviving partner, who is charged with the duty of paying the debts, can dispose of this equitable interest, and the purchaser can compel the heirs at law of the deceased partner to perfect the purchase by the conveyance of the legal title. 30 Cyc. 626; *French* v. *Vanatta,* 83 Ark. 306; *Walling* v. *Burgess* (Ind.), 7 L. R. A. 481, and cases cited; *Davis* v. *Smith* (Ala.), 2 So. 897; *Hanson* v. *Metcalf* (Minn.), 48 N. W. 441; and *Shanks* v. *Klein,* 104 U. S. 18, and cases cited.

In the latter case, in an opinion by Judge MILLER, it is held that real estate purchased with partnership funds for partnership purposes, though the title be taken in the individual name of the partners, is, in equity, treated as personal property, so far as is necessary to pay the partnership debts and to adjust the equities of the partners.

It is further held that for this purpose, in case of the death of one of the partners, the survivor can sell the real estate so situated; and that, though he cannot convey the legal title which passed to the heirs or devisees of the deceased partner, his sale invests the purchaser with the equitable ownership of the real estate and the

right to compel a conveyance of the title from the next of kin or devisee in a court of equity.

But it is insisted by counsel for the plaintiffs that the testimony does not show that the partnership property was sold by the surviving partner for money with which to pay the partnership debts.

We cannot agree with counsel in this contention. One attorney who had claims against the partnership testified that he settled the claims of his clients at fifty cents on the dollar with Preston as surviving partner. Preston was at the time sheriff of Desha County, and, of course, well known to the lawyer. This settlement tends to show that the lawyer believed that the partnership was insolvent; otherwise he would not have settled at fifty cents on the dollar the claims of wholesale merchants who were creditors of Preston & Bonner.

Henry Thane, a banker, also testified that Preston had an expert accountant to go through the partnership affairs, after the death of Bonner, and ascertained that the partnership was insolvent. The partnership property was not sufficient to pay the partnership debts, and Preston did not have property of his own sufficient to pay them. Thane, at the request of Preston, undertook to settle with the partnership creditors, and wrote them a letter proposing to pay them fifty cents on the dollar. All of the creditors accepted the compromise, and gave Preston a receipt in full upon payment of fifty per cent. of the amount of their claims. These creditors were all wholesale merchants living in nearby cities, and the fact that they settled with Preston at fifty cents on the dollar tends to show that there was not sufficient partnership property to pay the partnership debts.

It is true, as urged by counsel for the plaintiffs, that there is some discrepancy in the statements made by Thane in his letter to the creditors and in his testimony given in the case at bar. This, however, is but natural. The letter of Henry Thane to the creditors was written in December, 1907, and his deposition in the present case was not given until the 16th day of July, 1920. Thane

was a banker and man of many affairs, and it is natural that, after he secured a settlement with the creditors of Preston & Bonner, he dismissed the details of the matter from his mind.

Mrs. Maud P. Coburn was a witness for herself. According to her testimony, she and W. D. Preston had been left orphans when they were respectively fourteen and fifteen years of age. They took charge of a younger brother and sister and raised them. They continued to reside together until she married. Their relationship after her marriage continued to be very close, and she was familiar with his affairs. Her brother was very much surprised when he found that the firm of Preston & Bonner was insolvent, upon investigating the affairs of the firm after the death of Bonner. Her brother sold the partnership property to her for $5,000, for money with which to settle the partnership debts. The amount paid by her was a fair price for the property which she purchased from him. Subsequently Mrs. Coburn moved to Kentucky, and she permitted her brother to manage the property thus purchased by her until his death, which occurred on the 26th day of September, 1911. She permitted him to use the rents because he was in need of them, on account of the insolvency of the firm of Preston & Bonner. After the death of her brother, Mrs. Coburn looked after the rents herself.

The fact that the creditors of Preston & Bonner settled their claims at fifty cents on the dollar tends to show that the firm was insolvent. Mrs. Coburn and Henry Thane also testified that the partnership was insolvent. Under these facts it became necessary to sell the partnership real estate to pay the partnership debts. The partnership having been dissolved by the death of Bonner, Preston, as the surviving partner, sold and conveyed the partnership real estate to Mrs. Maud P. Coburn for $5,000, which was a fair price. This sale was for the purpose of paying the partnership debts, and Mrs. Coburn acquired the equitable title of the real estate conveyed to her by Preston, and she had the right to the aid of a

court of chancery to compel the heirs at law of H. L. Bonner to convey to her the legal title to the undivided one-half of the lots. This was done by the decree of the chancellor, and it results, from the views we have expressed, that the decree must be affirmed.