### LIPSCOMB v. AULENBACHER.

#### Opinion delivered June 1, 1925.

1. DOWER—IN PARTNERSHIP PROPERTY—INTEREST ON ADVANCEMENT.— In a proceeding in chancery to have dower assigned to the widow of a deceased partner *held* that the widow was entitled to recover a sum advanced by her and invested in a homestead which became part of the partnership assets, but, since the widow shared the occupancy of the homestead during her husband's lifetime, she is entitled to interest on her advancement only from the time she removed from the homestead.

2. DOWER—PARTNERSHIP PROPERTY.—In a proceeding to assign dower to the widow of a deceased partner, where land was purchased with partnership funds for the partnership, but deed was first made to the deceased partner individually, but, before delivery the name of the other partner was inserted in the granting but not the habendum clause as one of the grantees, the land was properly held to be partnership land, and reformation was unnecessary to the purpose of assigning dower.

3. DOWER—IMPROVEMENTS ON PARTNERSHIP LAND.—In a proceeding to assign dower to a widow of a deceased partner, where the latter had purchased land in his own name, but thereafter the other partner paid half of the purchase price, and the land was improved with partnership funds, the land as thus improved will be treated as partnership land, and dower assigned therein.

4. DOWER—PARTNERSHIP LAND—TRUST.—In a proceeding to assign dower to the widow of a deceased partner, where money which was being accumulated by the deceased partner for his grandson was used to build a house on a lot belonging to the partnership, *held* that the partnership did not hold the lot in trust for the grandson, and the widow was entitled to dower in her husband's interest therein, but provision must be made for payment from the partnership assets of such grandson's money.

5. DOWER—ADVANCEMENT TO BUY HOMESTEAD—LIEN.—In a proceeding to assign dower to a widow of a deceased partner, where the widow was entitled to a sum advanced by her to the partnership and used in the purchase of a joint homestead which became part of the partnership property, *held* that the sum so advanced was properly declared a lien on the homestead, with directions that, if it be not discharged, the homestead be sold, rather than have the widow's rights postponed by an allowance from a monthly rental of the homestead.

6. DOWER—PARTNERSHIP PROPERTY—SET-OFF.—In a proceeding to assign dower to a widow of a deceased partner, where the widow prayed and was allowed a money judgment against the surviving partner, it was proper to credit against such liability indebtedness which the widow admittedly owed to such partner.

Appeal from Clark Chancery Court, *C. E. Johnson,* Chancellor; modified.

*McMillan & McMillan,* for appellant.

*John H. Crawford* and *Dwight H. Crawford,* for appellees.

SMITH, J. Appellee is the widow of Jacob Aulenbacher, who died intestate. Appellant, Lizzie Lips-

comb, is his daughter and only heir, and her co-appellant, J. C. Lipscomb, is her husband. At the time of Aulenbacher's death, and for a number of years prior thereto, he and Lipscomb had been partners in the mercantile, cattle and land business in Clark County, and at the time of Aulenbacher's death the partnership owned a number of tracts of land and some lots in the town of Gurdon. The partnership prospered and was solvent at the time of Aulenbacher's death, and there was an attempt to wind up the partnership affairs and to effect a division of Aulenbacher's estate between his widow and daughter. There was a satisfactory settlement and division of the personal estate, but there was a disagreement as to their respective rights in certain lands, which led to the institution of this suit.

The suit was brought by Mrs. Aulenbacher against her daughter as the heir of her husband and against Lipscomb as his surviving partner, to have dower assigned her in her husband's estate, and to recover a sum of money belonging to her which the partnership had used, and to have dower assigned in certain rents on the partnership property which Lipscomb had collected after Aulenbacher's death.

The first item in dispute is referred to by the parties as the $2,000 claim. Mrs. Aulenbacher owned a home, in which she and her husband had lived for a number of years, but she desired a better one. Finally, the old home was sold for $2,000, and with the proceeds of this sale, together with the sum of $3,500 in cash which was advanced by the firm of Aulenbacher & Lipscomb, a new home was bought. The title to this land was taken in the partnership name, and after its purchase both families moved into the new home, and both families resided there until Aulenbacher's death. After that event a disagreement arose between Lipscomb and Mrs. Aulenbacher, which increased in acrimony until Mrs. Aulenbacher left Lipscomb and his family in possession of the home, and she has since lived apart from them.

The court below found that Mrs. Aulenbacher had advanced the copartnership $2,000, which should be repaid her, and allowed her interest on that sum from the date she left the house. Appellant insists that the $2,000 was a voluntary contribution by Mrs. Aulenbacher to induce the partnership to buy the home, and that Mrs. Aulenbacher should not be allowed to recover this money. Appellee has cross-appealed from the decree of the court below on this item, and now insists that she should not only be allowed interest on this money, but that the interest should be calculated from the date the money was advanced, and not from the date of her abandonment of the homestead.

Upon a consideration of all the testimony concerning this item, we have concluded that the decree should be affirmed both on the appeal and the cross-appeal. The testimony is undisputed that Mrs. Aulenbacher advanced the sum of $2,000 to the partnership, and it now has the homestead as a part of the partnership assets, and we do not think this was a donation or a contribution by the wife either to her husband or to the partnership to acquire this partnership property. On the other hand, we think that equity will be administered by allowing Mrs. Aulenbacher the $2,000 and interest thereon, as was done by the court below, from the date she surrendered the home to her son-in-law as her husband's surviving partner, instead of allowing interest from the date the advance was made. She had shared in the occupation of this home during her husband's lifetime, and after his death until she abandoned it on account of friction which had arisen between herself and her son-in-law, and the decree as to this item allowing interest only from the date of her departure is affirmed.

The next item in controversy is referred to as the 120-acre tract. The testimony shows that this land was bought with partnership funds for the benefit of the partnership, but the deed as prepared was made to Aulenbacher individually. This deed was typewirtten.

This omission was discovered before the delivery of the deed, and upon the discovery of this omission an attempt was made to correct this error by writing into the deed with a pen the name of Lipscomb as one of the grantees, but his name was not inserted in the habendum clause.

The court found this was partnership property, and we concur in that finding. Appellee insists that the decree involves the reformation of the deed, and that this relief could not be granted because the grantor in the deed was not made a party to this proceeding. We do not concur in this view. The proceeding is one in chancery to assign dower to the widow of a deceased partner in a solvent partnership whose debts have been paid, and the reformation of this deed was not essential to that purpose. The undisputed testimony shows that this land was, in fact, partnership property, and the court was correct in so holding.

The next item involved is referred to as the 30-acre tract. This land was bought by Aulenbacher for $250, and deeded to him alone. After so purchasing the land Aulenbacher proposed to Lipscomb that the partnership take over this land, and Lipscomb paid Aulenbacher $125 to effect that purpose, but no deed was made by Aulenbacher to Lipscomb. After Lipscomb had paid to Aulenbacher one-half of the purchase price, the partnership assumed control of the land and commenced to improve it by clearing, ditching and tiling it, and by building a fence, house and barn on it. The chancellor decreed that the widow should have dower in the thirty acres as the individual lands of the deceased and that her dower right in the improvements thereon was unaffected by the fact that the improvements were made by partnership funds after the trade between the partners, wherein Lipscomb paid the $125 to Aulenbacher.

It is first insisted for Mrs. Aulenbacher that the sum spent by the partnership should not be taken into account, as the testimony shows only the amount spent, and not the enhanced value of the land. But we think

it fairly appears that the value of the land was enhanced to the extent of the sum spent in clearing, fencing, ditching, tiling, and in building the house and barn, so that the value of the thirty-acre tract may be said to equal the $250 paid for it and the $1,500 spent in improving it.

It is insisted, however, on behalf of Lipscomb that the enhanced value of the land, resulting from the improvements, should not be taken into account in assigning dower, and the case of *Welch* v. *McKenzie,* 66 Ark. 251, is cited as sustaining that contention. In that case a widow claimed dower in lands which had been conveyed to a partnership by her deceased husband in a deed in which she did not join. This court held that the widow was entitled to recover one-third of the rents after the death of her husband, but that the value of the improvements made on the land by the partnership should be excluded in estimating her dower and the rents to which she was entitled.

Here, however, the husband of the widow did not convey away the land. He had the apparent title to it during his lifetime, and at the time of his death, and in equity it should be treated as partnership land, because it was so intended, and each partner had paid one-half of the purchase price, and the land had been improved with partnership funds. The $1,500 spent by the partnership went into improvements, which became a part of the land, and the land, as thus improved, should be treated as a part of the partnership assets and dower assigned accordingly, and the decree of the court below will be reversed in this respect.

The next item relates to lot 9, block 18, Crescent Heights Addition to the town of Gurdon. As we have said, Mrs. Lipscomb was the only child of Aulenbacher, and the two families lived together as one until after Aulenbacher's death. Mrs. Lipscomb had an afflicted son, who had been named for her father and who is referred to as "Little Jake." It was shown that Mr. Aulenbacher entertained a feeling of greatest affection for this afflicted grandson, who is now sixteen years old,

and Aulenbacher commenced the accumulation of a fund for Little Jake's benefit in the child's early infancy, which had grown to the sum of $2,000 in 1919, at which time the partnership purchased fifteen lots, of which lot 9 was one. The title to all the lots was taken in the name of the partnership, but lot 9 was always referred to as Little Jake's lot, and Aulenbacher took the $2,000 and built a house on it, and the court held that this lot belonged to the partnership, and that Mrs. Aulenbacher was entitled to have dower assigned in it.

It is insisted that this is error, and that the court should have found that the partnership held the title to the lot in trust for Little Jake.

We are of the opinion that the court was correct in not declaring that the partnership held the title in trust to the lot for Little Jake's benefit. It was, no doubt, the intention of Little Jake's father and grandfather to give him this lot, but this intention had not been effectuated. The purchase money was paid by the partners, who took the title in themselves, and they retained control of the property. But the partnership did use Little Jake's money, and we perceive no reason why it should be allowed to appropriate the $2,000 to its own use and thus deprive him of it.

It is pointed out that Little Jake is not a party to this proceeding and is not, therefore, bound by any decree which may be entered in this cause. This is true, but it is also true that Mrs. Aulenbacher is asking dower in this lot 9, as well as in the other property, and the court decreed it to her, and we do have before us the question as to what dower should be assigned her.

In the case of *Lenow* v. *Fones,* 48 Ark. 557, it was held that, upon the death of a member of a partnership, his widow will take dower in the surplus of the real estate of the partnership which remains after paying the partnership debts, for life as in real estate, and not absolutely as in personal property, unless there was an agreement between the partners for the conversion and

sale of the lands after the partnership affairs were settled, in which case she would take dower as in personalty.

Here there was no such agreement, but all debts have been paid, and the partnership is admittedly solvent, aside from the real estate, and we do not, for that reason, reverse the decree assigning dower with directions that the assignment thereof be postponed until this $2,000 item of indebtedness has been paid. There appears to be no necessity for so doing, but the $2,000 item due Little Jake should be taken into account and provision for its payment made upon the remand of this cause before the rights, of the parties properly before the court are finally adjudged, and the court will enter an appropriate decree in accordance with this opinion.

We are of the opinion, therefore, that dower was properly assigned the widow in this lot 9, but the money belonging to Little Jake which was expended in improvements made on it must first be taken into account, and provision made for its payment out of the partnership assets.

The court found that Lipscomb had collected rents on the property herein referred to, for which he should account, and out of which dower should be assigned.

The court declared that the $2,000 advanced by Mrs. Aulenbacher was a lien on the homestead, and gave Lipscomb twenty days within which to discharge the lien, with directions that if not discharged the homestead should be appraised and sold by commissioners, who were named for that purpose, and to assign dower in the other lands as well as the homestead and that, after said sum had been paid Mrs. Aulenbacher, she should have dower in the balance of the proceeds of the sale of the homestead.

It is insisted, as we have said, that the court was in error in awarding Mrs. Aulenbacher a decree for the $2,000; but we have said that we do not think so. It is further insisted that the court was in error in decreeing a sale of the homestead to assign dower in any event and that the equities of the case would have been better subserved if the court had found the monthly rental value

thereof and ordered that the same be paid by Lipscomb, and that Mrs. Aulenbacher have dower out of the rents to be thus paid. We do not think, however, that Mrs. Aulenbacher should be thus postponed in the assignment of her dower.

Commissioners were appointed to assign dower in the land referred to as the homestead, and in the other lands herein mentioned, and except in the particulars indicated it is not objected that erroneous directions were given the commissoners in the discharge of this duty, and except as we have herein indicated the decree of the court below in the matter of the assignment of dower will be affirmed.

It is finally insisted by Mrs. Aulenbacher on her cross-appeal that the court erred in rendering judgment against her for $197.18 in favor of Lipscomb. This indebtedness of $197.18 to Lipscomb by Mrs. Aulenbacher is not questioned, but it is insisted that it cannot be taken into account in an action of this character.

We think, however, that no error was committed by the court in this respect. Mrs. Aulenbacher prayed and was awarded a money judgment against Lipscomb for rent which he had collected, and it was proper to credit against this liability the indebtedness which Mrs. Aulenbacher admittedly owed Lipscomb, and the decree in this respect is therefore affirmed.

The cause will therefore be remanded, with directions to enter a decree in accordance with this opinion.