## Gabby v. Roberts, Master Commissioner.

(Decided February 3, 1931.)

W. J. WEBB for appellant.

HESTER & STAHR for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The question presented by this appeal is the extent of the power conferred by a letter from B. F. Gabby to C. B. Travis, stating: "I hereby authorize you to represent me at the Hugh French sale on September 17th, or whenever it is." Acting upon the authority contained in that letter, C. B. Travis attended a judicial sale of the Hugh French property, submitted a bid in the name of B. F. Gabby, and, when the property was sold to him at his bid, executed bonds for the purchase price, signing the name of B. F. Gabby by himself as agent. The circuit court held that Gabby was bound and he has prosecuted an appeal.

The background of the case is relied upon by both parties as affecting the construction of the letter. Gabby was residing in Madison county, and Travis, in a friendly way, but not as a paid agent, had been handling some business for him in Fulton county. The judgment under which the land was sold was a joint one against French, Travis, and another. Travis was insolvent, but it appears that the commissioner took him as surety for Gabby on the sale bonds. The commissioner saw the letter before he accepted the bid or the bonds submitted by Travis. It is argued that the letter did not in express terms authorize Travis to bid upon the property, or to sign the name of Gabby upon the bonds. It is suggested that, the result of the sale being to relieve Travis of a part of his

obligation under the judgment, he had an adverse interest to Gabby to be served by bidding in the land. The relationship between Gabby and Travis was friendly, and such interest as Travis had was known to Gabby when he wrote the letter. Furthermore, it is difficult to see how Travis was assisting or helping himself by bidding as he did at this sale. The amount bid by Travis was less than the appraised value of the property, and merely paid the prior liens so that whatever judgment Gabby had against Travis and French remained unsatisfied by any proceeds of the sale.

In construing the writing, the intent of the parties must be ascertained and given effect. 2 C. J. 555. It is difficult to conceive of any meaning of an authority to represent a party at a judicial sale other than to do what the party himself might do to promote or to protect his interest, if present, in person. Gabby testified that he did not authorize Travis to buy land for him, but the letter "was merely asking him to collect all of the money he could on the Hugh French note."

It is not apparent how anything in the letter would lend plausibility to that explanation. It was not likely that any money could be collected at the sale, as the law requires judicial sales of property to be made on credit; and, even if the money had been collected after the sale had been made on credit, that could not be done, or the money disbursed by the commissioner, until the sale had been confirmed by the court and a distribution ordered. All that could be done for another at a sale would be to bid until the property brought its fair value.

"To represent," in its ordinary usage, must be understood to mean "as standing in the place, or supplying the place, or performing the duties, or exercising the right, of the party represented; to speak or act with authority on behalf of another." Webster's New International Dictionary. The legal definition is the same. 34 Cyc. 1619. The authority conferred upon Travis was a very broad one, and we have no doubt that it was intended to, and did, vest in him, the right and power to bid upon the property and to execute the bonds therefor, when he became the successful bidder. Cf. Welch v. McKenzie, 66 Ark. 251, 50 S. W. 505.

The judgment is affirmed.